ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ONE ALLIANCE INSURANCE CORPORATION APELANTE<br><br>V.<br><br>PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC APELADO | KLAN202200791 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2021CV01773<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Candelaria Rosa y la Juez Rivera Marchand[1]

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece ante nosotros One Alliance Insurance Corporation (en adelante, apelante o One Alliance) mediante un recurso de apelación y nos solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) el 15 de julio de 2022. En su dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación* presentada por PR Asset Portfolio 2013-1 International, LLC. (en adelante, apelado o PRAPI) por lo que desestimó la acción con perjuicio.

En este caso nos corresponde resolver si el TPI se equivocó en su apreciación de que la causa de acción incoada en la demanda de autos era cosa juzgada y que por tanto procedía su desestimación. Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos el dictamen del TPI.

**I**

En el mes de febrero del 2017, One Alliance y PRAPI suscribieron dos pólizas de seguro sobre ocho (8) propiedades sitas en la región judicial de Carolina. Tras el paso del Huracán María, PRAPI sometió una

---

[1] Mediante la Orden Administrativa OATA-2022-209 del 14 de diciembre de 2022, se designó a la Hon. Monsita Rivera Marchand para entender y votar en sustitución de la Hon. Maritere Brignoni Mártir, por ésta haberse inhibido.

Número Identificador

SEN2023_____

KLAN202200791

reclamación bajo las pólizas de seguro por los daños ocasionados. Posteriormente, las partes lograron un acuerdo de pago; sin embargo, luego de hacer un desembolso, One Alliance se retractó y le dio marcha atrás al ajuste emitido. La aseguradora adujo que, a su apreciación, PRAPI no tenía interés propietario sobre los bienes incluidos en las reclamaciones.

Así las cosas, el 6 de septiembre de 2019, PRAPI presentó ante el Tribunal de Primera Instancia de Carolina (TPI-Carolina) una demanda de incumplimiento de contrato de seguro, mala fe y acción declaratoria en contra de One Alliance, correspondiente al caso civil número SJ2019CV10747(caso SJ2019CV10747).[2] Luego, el 12 de febrero de 2019, enmendó su demanda para identificar las ocho (8) propiedades sobre las que el TPI-Carolina tenía jurisdicción. Se alegó que, luego de un proceso de negociación, llegaron a un acuerdo sobre las reclamaciones a pólizas de seguro, el cual One Alliance incumplió.

El TPI-Carolina emitió, el 14 de febrero de 2020, una *Orden de traslado* del caso SJ2019CV10747 al Tribunal de Primera Instancia de San Juan (TPI-San Juan). Luego del traslado, One Alliance presentó su *Contestación a Demanda Enmendada*; en esta, sostuvo como defensa que PRAPI cometió fraude en sus reclamaciones al ocultar o someter deliberadamente información falsa, razón por la cual anuló las pólizas y por tanto los acuerdos entre las partes. Particularmente, One Alliance sostuvo en sus alegaciones responsivas que PRAPI "no tiene derecho a remedios declaratorios en la medida que mintió, ocultó información o deliberadamente sometió información falsa e incompleta en apoyo a sus reclamaciones" y que "[a]nte tal comportamiento One Alliance tiene derecho a solicitar la devolución de los pagos realizados, denegar el pago

---

[2] Se toma conocimiento la entrada en SUMAC # 12, caso SJ2019CV10747.

KLAN202200791

de los reclamos remanentes y/o anular la póliza de seguros.[3] Además, precisó como defensa afirmativa lo siguiente:

> 19. La póliza permite anular la cubierta en cualquier momento que se descubra la ocultación intencional u omisión de hechos materiales o fraude en cuanto a la cubierta, la propiedad asegurada, el interés del asegurado en la propiedad cubierta por la póliza o en la información sometida en la reclamación.
>
> [. . .]
>
> En este caso el asegurado intencionalmente ocultó o representó incorrectamente información material para la emisión de la póliza y para el sustentar sus reclamaciones bajo las pólizas.[4]

Finalmente, en su súplica, One Alliance le solicitó al TPI que tomara conocimiento judicial sobre lo antes expuesto y que declarara no ha lugar la demanda presentada en su contra. También pidió que declarase que PRAPI había actuado temerariamente "al hacer alegaciones de mala fe y señalamientos de ilegales actuaciones, conociendo o debiendo conocer, que el cobro de lo indebido tiene como consecuencia la obligación de la devolución de los indebidamente cobrado y al amparo de dicho razonamiento One Alliance tenía derecho a la deducción de lo pagado por error de hecho y cobrado indebidamente."[5]

Posteriormente, el 2 de febrero de 2021, aproximadamente un año después de contestada la demanda, One Alliance solicitó autorización al Tribunal para presentar una reconvención y el mismo día la presentó. PRAPI se opuso a la presentación de la reconvención, debido a que sus imputaciones sobre fraude se remontaban a hechos anteriores a la presentación de la demanda por lo que era una reconvención compulsoria que debió presentarse al contestar la demanda. El TPI no permitió la presentación de la reconvención al estimar que se presentó tardíamente,

---

[3] *Contestación a demanda enmendada*, SJ2019CV10747, SUMAC 20, pág. 20.
[4] *Id.*, pág. 24-25.
[5] *Id.*, pág. 26.

KLAN202200791

puesto que One Alliance conocía de las causas de su reclamo desde la presentación del caso, pero no las presentó oportunamente al contestar la demanda para salvaguardar sus derechos. En reconsideración, el TPI señaló que la parte demandante conocía de las razones para presentar la reconvención, pero no lo hizo. El TPI precisó que "si ya esto fue alegado como parte de las defensas afirmativas presentadas en la alegación responsiva enmendada, porque no también presen[tar] su reconvención al amparo de la Regla 11.1 de las de Procedimiento Civil de [2010]", y señaló que "no [le] convence como argumenta la parte demandada que la información fue recientemente descubierta y por tal razón se debe autorizar la reconvención presentada."[6]

Tras varios incidentes procesales, el tribunal se expresó el 12 de mayo de 2021, como sigue:

> En el presente caso la parte demandada ha levantado una serie de defensas entre las que se encuentran pago de lo indebido y ocultación de información por parte del asegurado, entre otras. **Por tanto[,] e independientemente este tribunal no haya autorizado la reconvención presentada por la parte demandada, no es menos c[i]erto que este tribunal no puede desatender e ignorar los reclamos y defensas que también le asisten a la parte demandada en la tramitación del presente procedimiento**.[7]

Mas adelante, el 22 de noviembre de 2021, el TPI nuevamente se expresó sobre este particular, como sigue:

> [S]i bien es cierto que el Tribunal denegó por tardía la reconvención que presentó la parte demandada[,] ciertamente una de las cosas que sí determinó fue que entonces habría que celebrar una vista porque aún así habían unas alegaciones generales que se habían presentado entre las cuales se encontraba el fraude.[8]

El aquí apelante, One Alliance, inconforme con la determinación del foro de instancia en el caso civil número SJ2019CV10747 acudió previamente a este Tribunal de Apelaciones. Véase, *PR Asset Portfolio*

---

[6] *Orden*, SJ2019CV10747, 8 de abril de 2021, SUMAC 84.
[7] *Orden*, 12 de mayo de 2021, SUMAC 93 (Énfasis nuestro).
[8] *Minuta*, 30 de noviembre de 2021, SUMAC 116, pág. 5.

KLAN202200791

*2013-1 International, LLC. v. One Alliance Insurance Corporation*, KLCE202100578 (2021). En esa ocasión rechazamos el recurso de *certiorari* para revisar la determinación del TPI sobre la improcedencia de la reconvención. Particularmente, precisamos que no era meritorio intervenir con la determinación del tribunal en ausencia de pasión, perjuicio, parcialidad o error manifiesto.

Así las cosas, el 14 de julio de 2021, aproximadamente dos meses después, One Alliance presentó una demanda ante el Tribunal de Primera Instancia de Carolina (TPI-Carolina) correspondiente al caso civil número CA2021CV01773 (caso CA2021CV01773), donde reclama el cobro de dinero por un alegado incumplimiento de contrato por parte de PRAPI, relacionado al recurso ante nuestra consideración.[9] En este nuevo pleito, PRAPI presentó una *Moción de Desestimación bajo la Regla 10.2 de las de Procedimiento Civil* en la que alegó que esta nueva demanda era una copia de la reconvención presentada en el caso anterior la cual fue rechazada y que por tanto constituía cosa juzgada. El TPI declaró *Ha Lugar* la moción de desestimación bajo el fundamento de que "dejar de presentar una reclamación compulsoria da lugar a la defensa de cosa juzgada contra cualquier ejercicio posterior de la causa de acción que dejó de presentarse por esa vía".[10] A consecuencia de ello desestimó la demanda con perjuicio.

Inconforme, tras haber presentado una reconsideración al TPI en la cual no tuvo éxito, One Alliance acude ante nosotros mediante el recurso de apelación, y expone los siguientes errores:

> **Primer error:** Erró el Tribunal de Primera Instancia al interpretar y/o intervenir con una resolución emitida por otro juez de la misma jerarquía, excediendo de sus facultades y por lo tanto abusando de su discreción.
>
> **Segundo error:** Erró el Tribunal de Primera Instancia al declarar "cosa juzgada" las alegaciones presentadas en una reconvención que no estuvo ante su consideración, cuando

---

[9] Apéndice I, Recurso de Apelación, pág. 1.
[10] Apéndice VII, Recurso de Apelación, pág. 111.

KLAN202200791

las mismas también surgen de reclamaciones reconv[i]nientes denominadas incorrectamente como defensas afirmativas, que aún están ante la consideración de otro tribunal de la misma jerarquía, según las propias determinaciones de dicho tribunal (SJ2019CV10747).

**Tercer error:** Erró el Tribunal de Primera Instancia al desestimar la demanda de cobro de dinero al amparo de la Regla 10.2, cuando One Alliance expuso una reclamación que justificaba a concesión de un remedio; pues la desestimación se fundamentó en una (1) orden emitida por otro tribunal en el caso SJ2019CV10747, el cual nunca ha declarado como "cosa juzgada" las alegaciones de One Alliance, muy al contrario, dicho tribunal (original de Carolina) entendió que existen causas de acción que sobre viven la no autorización de la enmienda de las alegaciones mediante presentación de la reconvención.

Por su parte, PRAPI se opone al señalar que el presente recurso es un intento desesperado de curar un error procesal del apelante. Específicamente, sostuvo que el TPI actuó correctamente al desestimar la demanda por que se presentó como un subterfugio para evadir la orden del tribunal del caso original en el que no se aceptó su reconvención. Con el beneficio de las posturas de ambas partes, resolvemos.

**II**

**A. Regla 10.2 de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (2010), permite que un demandado solicite al tribunal la desestimación de la demanda en su contra por varios fundamentos entre los cuales se encuentra "dejar de exponer una reclamación que justifique la concesión de un remedio". Al presentarse esta moción el tribunal viene obligado a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033 (2013). Por tanto, para que la moción de desestimación prevalezca "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiese probar en apoyo a su reclamación, aun

KLAN202200791

interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013).

### B. Defensas afirmativas y la cosa juzgada

La Regla 6.3 de Procedimiento Civil, *supra*, establece las defensas que puede levantar un demandado en su alegación responsiva. El Tribunal Supremo adoptó la definición provista por el tratadista Hernández Colón, quien estableció que las defensas afirmativas son "las que presentan planteamientos sustentados por cuestiones de hecho o derecho que no consisten en negaciones de los hechos alegados en la reclamación contra la cual se formulan [y que], de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran aceptadas como correctas". *Rio Mar Community Association Inc. v. Mayol Bianchi*, 208 DPR 100, 109-10 (2021) (que cita a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 289-90). Las Reglas establecen que para que se entiendan planteadas, las "defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas. . .". *Id.* Como regla general, los demandados tienen el deber de levantar todas las defensas afirmativas que entiendan en su primera alegación responsiva o se entienden renunciadas. *Presidential v. Transcaribe*, 186 DPR 263 (2012).

Nuestro ordenamiento procesal civil establece una lista no taxativa de defensas que una parte puede oponer a los reclamos de un demandante. Regla 6.3 de Procedimiento Civil, *supra*. Entre estas se encuentra la de cosa juzgada. Regla 6.3(p) de Procedimiento Civil, *supra*. El Código Civil de 2020, Ley Núm. 55-2020, no contiene disposición alguna sobre la doctrina de cosa juzgada como lo abarcaba el anterior Código del

KLAN202200791

1930.[11] Sin embargo, la doctrina se mantiene vigente en nuestro ordenamiento jurisprudencialmente. *Puerto Rico Wire Products, Inc. v. Crespo & Asociados Inc.*, 175 DPR 139 (2008).

Esta doctrina persigue una sana administración de la justicia, puesto que vela por el interés gubernamental de que se finalicen los pleitos, y por otro lado, interesa que no se sometan a los ciudadanos a las molestias de tener que litigar dos veces una misma causa que fueron o pudieron ser adjudicadas en la primera reclamación. *Fonseca et al. v. Hosp. HIMA*, 184 DPR 281 (2012); *Parrilla Rodríguez*, 163 DPR 263, 268 (2004). De esta manera, se promueve que los litigios tengan un final, que no se eternicen y que se respete la autoridad de los tribunales. *Pérez v. Bauzá*, 83 DPR 220 (1961). Además, anclado en el principio que consagran las Reglas de Procedimiento Civil de que se persiga una "solución justa, rápida y económica de todo procedimiento". Regla 1 de Procedimiento Civil, *supra*.

La doctrina de cosa juzgada requiere que entre el caso resuelto mediante sentencia y en el caso en que se invoca concurra la más perfecta identidad entre las cosas, causas, personas litigantes y la calidad en que lo fueron. *Pérez Droz v. A.S.R.*, 184 DPR 313, 317 (2012). *Véanse, además*: *Méndez v. Fundación*, 165 DPR 253, 267 (2005); *Pagán Hernández v. U.P.R.*, 107 DPR 720, 732 (1978). Cuando se cumplen estos requisitos no procede dilucidar nuevamente los méritos de la controversia que se encuentra ante la consideración del tribunal.

El requisito de identidad de causas se refiere al "origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones

---

[11] En lo pertinente a este caso, el Código Civil de 1930 disponía como sigue: "Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron". 33 LPRA sec. 3343 (derogado).

KLAN202200791

deducidas por las partes". *Presidential v. Transcaribe*, *supra*, pág. 275 (que cita a J.M. Manresa, *Comentarios al Código Civil español*, 5ta ed. rev., Madrid, Ed. Reus, 1950, T. VIII, Vol. 2, págs. 237-42). Entiéndase, que la *causa* "es el motivo que tuvo el demandante para pedir". *Id.* (que cita a *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012) que cita a su vez a Q.M. Scaevola, *Código Civil*, 2da ed., Madrid, Ed. Reus, 1958, T. 20, pág. 535). La identidad de cosas significa que el segundo pleito se refiera al mismo asunto que versó el primero, entiéndase, que sea el mismo objeto o materia. Por otro lado, la identidad de partes requiere que los litigantes hayan sido los mismos y que su comparecencia haya sido en la misma calidad. Finalmente, la identidad de personas se refiere a que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o indivisibilidad de prestaciones. En cuanto a la calidad de los litigantes la doctrina dispone que se trata del carácter en el cual la persona viene al pleito, entiéndase: acreedor, deudor, poseedor, etcétera. *A & P Gen. Contractors v. Asoc. Cana*, 110 DPR 753, 762 (1981); *Presidential v. Transcaribe*, *supra*, pág. 274.

Cumplidos estos requisitos, la doctrina de cosa juzgada impide que, luego de emitida una sentencia en un pleito anterior, las mismas partes re-litiguen en un pleito posterior las mismas causas de acción, las controversias ya litigadas ya adjudicadas, y aquellas que pudieron haber litigado. *Pérez Droz v. A.S.R.*, *supra, Mun. de San Juan v. Bosque Real S.E.*, 158 DPR 743, 769 (2003); *Acevedo Santiago v. Western Digital*, 140 DPR 452, 464 (1996).

El Tribunal Supremo ha expresado que hay determinadas ocasiones en las que, aunque se cumplen los requisitos para que constituya cosa juzgada, se descarta la aplicación de esta doctrina para evitar alguna

KLAN202200791

injusticia o por consideraciones de orden público. *Presidential v. Transcaribe Corp.*, *supra,* pág. 274; *Parrilla v. Rodríguez*, *supra*; *Meléndez v. García*, 158 DPR 77, 92 (2002); *Pagán Hernández v. UPR*, *supra*; *Feliciano Ruiz v. Alfonso Develop. Corp.*, 96 DPR 108, 114 (1968). Por ejemplo, entre estos se encuentran casos de filiación en el que se pretendía imputar la falta de diligencia de una madre y su abogado a un menor de edad demandante. *Pérez v. Bauzá*, *supra*, pág. 226.

### C. Reconvención

Mediante el mecanismo de la reconvención, nuestro ordenamiento procesal civil permite que una parte dentro de un litigio pueda presentar una reclamación contra una parte adversa en el pleito. Regla 11 de Procedimiento Civil, *supra*. Conforme a las Reglas, existen dos tipos de reconvenciones: las permisibles y las compulsorias. Las reconvenciones permisibles son las reclamaciones que no surgen de un mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta. Regla 11.2 de Procedimiento Civil, *supra*. Por otro lado, la reconvención compulsoria es aquella hecha por una parte contra cualquier parte adversa, que surge del mismo acto, omisión o evento que motivo la reclamación original, y cuya adjudicación no requiere la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Regla 11.1 de Procedimiento Civil, *supra*. Particularmente, una reclamación es compulsoria cuando: (1) existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención; (2) los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto; (3) las cuestiones de hechos y de derecho entre ambas son las mismas; (4) la doctrina de *res judicata* impediría una acción independiente; y (5) ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente. *Consejo*

KLAN202200791

*Titulares v. Gómez Estremera, et al*, 184 DPR 407, 424-25 (2012) (que cita a R. Hernandez Colon, *Practica jurídica de Puerto Rico: derecho procesal civil*, 4ta ed. San Juan, Ed. Lexis Nexis de Puerto Rico, 2007, pág. 218).

La Regla dispone que las reconvenciones compulsorias tienen que presentarse Regla 11.1 de Procedimiento Civil, *supra*. Por tanto, si no se formulan a tiempo "se renuncia la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos". *Neca Mortg. Corp. v. Dev. S.E.*, 137 DPR 860, 867 (1995). En estas instancias es cuando se aplica el principio de cosa juzgada, puesto que hubo asuntos que pudieron plantearse, pero no lo fueron. *Id.* Estas disposiciones procesales persiguen que se diluciden todas las controversias comunes a un acto de una vez y que se eviten litigios múltiples. *Id.*

Sin embargo, la norma de que las reconvenciones se presentan al notificar su alegación no es absoluta puesto que se aceptan en circunstancias excepcionales. Primero, se permite presentar una reconvención compulsoria posteriormente mediante una alegación suplementaria cuando la exigibilidad de la reclamación adviene luego de que la parte contestó la demanda. También puede ocurrir que se enmienden las alegaciones cuando por descuido, inadvertencia, negligencia excusable o cuando así lo requiera la justicia. Nótese que el tribunal es quien determina si se cumplen estos criterios para autorizar la presentación posterior de una reconvención. Además, las reglas exigen que el tribunal debe ejercer su facultad liberalmente. Regla 13.1 de Procedimiento Civil, *supra*. La política pública que promueven las Reglas de Procedimiento Civil es a favor de la ventilación de los casos en sus méritos y que los litigantes tengan su día en corte. Sin embargo, la

KLAN202200791

liberalidad que tienen los tribunales para autorizar enmiendas a las alegaciones no es infinita ni irrestricta por lo que dicha discreción está limitada. *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1976).

**D. Rol de las alegaciones como defensas afirmativas o como reconvención.**

El Tribunal Supremo explicó la diferencia entre la reconvención y las defensas afirmativas de una manera muy sencilla. *Rio Mar Community Association, Inc. v. Mayol Bianchi*, *supra*. Las defensas afirmativas solo tienen un propósito defensivo frente a la alegación del demandante, entiéndase impedir que el reclamo prospere. *Id.*, pág. 110. Por su parte, la reconvención tiene un propósito ofensivo, entiéndase obtener un remedio a su favor. Por esta razón el litigante viene llamado a determinar su objetivo responsablemente. Entiéndase que, si presenta su alegación solo como defensa, tendrá un solo resultado: librarse de la responsabilidad que se atribuye en su contra. En cambio, si presenta la alegación como reconvención hace responsable a la parte contra quien ha accionado y busca un remedio a su favor.

Por tanto, una misma alegación puede presentarse de dos maneras, cada una de estas con consecuencias diferentes. Por esta razón es que las reglas establecen que cuando una parte nombre equivocada una defensa como una reconvención o viceversa, el tribunal puede considerar la alegación como si se hubiese denominado correctamente. Regla 6.3 de Procedimiento Civil, *supra*. Según expuesto, la defensa afirmativa y la reconvención son alegaciones que, aunque pueden consistir en el mismo argumento, son conceptos diferentes que cumplen propósitos distintos. Por lo cual, la desestimación de uno no afecta la presentación del otro. Entiéndase, que si se desestima una reconvención no significa que

KLAN202200791

automáticamente se retire la defensa afirmativa presentada bajo el mismo fundamento.

**III**

Por entender que los tres señalamientos de error están intrínsecamente relacionados procedemos a discutirlos en conjunto. Veamos.

El apelante aduce que, en el caso CA2021CV01773, el TPI intervino con una orden emitida por otro juez de su misma jerarquía. No tiene razón, por lo que no procede su señalamiento de error. El apelante sostiene que la sentencia del TPI modificó tácitamente las determinaciones del tribunal en el primer caso, puesto que había presentado una alegación de fraude que había sido acogida en ese caso anterior. En el caso SJ2019CV10747, el tribunal determinó que las alegaciones de fraude no podían ignorarse, aunque se había rechazado la reconvención, y seguían planteadas defensas afirmativas de fraude. El aquí apelante pretende señalar que esas expresiones equivalen a una determinación del tribunal de que se trataba de una reconvención y, por tanto, en el caso ante nuestra consideración el tribunal estaba impedido de modificar esas expresiones.

La alegación que hizo One Alliance sobre fraude en su contestación a la demanda fue una defensa afirmativa y no una reconvención propiamente. Según expuesto por el Tribunal Supremo recientemente, una misma alegación puede tener dos roles: ofensivo o defensivo. Una reconvención es una alegación ofensiva puesto que pretende obtener un remedio a su favor. Por otro lado, una defensa afirmativa es una alegación defensiva porque su único objetivo es derrotar el reclamo presentado en su contra.

Una misma alegación puede cumplir los dos propósitos y, lo importante es el propósito de su alegación, no el nombre de su moción. *Rio*

KLAN202200791

*Mar Community Association, Inc. v. Mayol Bianchi*, *supra*, págs. 111-12. Por tanto, la parte debe ser diligente en plasmar claramente la intención de su alegación, de manera que el tribunal pueda determinar si se trata de una defensa afirmativa o una reconvención.

En el caso SJ2019CV10747, One Alliance alegó que PRAPI no tenía derecho a los remedios por que mintió, ocultó información o sometió información falsa e incompleta en sus reclamaciones.[12] También reclamó que tenía derecho a solicitar la devolución de los pagos realizados, y a la denegación del pago de los reclamos remanentes y/o anular la póliza de seguros.[13] Además, solicitó como remedio que se desestimara la demanda y se encontrara que PRAPI actuó temerariamente.[14]

Como vimos, el TPI consideró que se trataba de una defensa afirmativa y no una reconvención. El TPI actuó correctamente en el caso original al determinar que la alegación de fraude fue una defensa afirmativa y no una reconvención. En su contestación a la demanda en ningún momento solicitó la devolución de los pagos realizados, tampoco que se denegara el pago de reclamos remanentes, ni que anularan las pólizas de seguro. Su petición al tribunal consistió exclusivamente en la desestimación de la demanda y la declaración de temeridad.

La apreciación de que One Alliance lo que presentó fue una defensa afirmativa es correcta. Precisamente, también fue esa la apreciación de One Alliance puesto que al año de haber contestado presentó su solicitud de reconvención. Por todo lo cual, ante la desestimación de la reconvención se mantiene presente el reclamo de fraude como defensa afirmativa para derrotar la demanda en el caso original.

---

[12] *Contestación a demanda enmendada*, SJ2019CV10747, pág. 20.
[13] *Id.*
[14] *Id.*, pág. 26.

KLAN202200791

Según previamente expuesto, las Reglas de Procedimiento Civil contemplan dos tipos de reconvenciones: las compulsorias y la permisivas. En este caso, por tratarse de un reclamo que surge de los mismos hechos o controversias, la reconvención era compulsoria por lo que debió ser presentada junto con la contestación a la demanda. Tampoco nos corresponde concluir que se debió permitir su presentación porque no hubo descuido, inadvertencia, negligencia excusable ni lo requiere la justicia.

Inconforme con esta determinación One Alliance acudió ante nosotros, en una ocasión anterior al caso de autos, en el cual confirmamos el dictamen. Sin embargo, los esfuerzos de One Alliance para que se permitiera la presentación de su reconvención cesaron y no agotó sus oportunidades de revisión. Así, con nuestra expresión el 25 de mayo de 2021 al denegar la expedición del *certiorari*, se rechazó la presentación de la reconvención y esta determinación se tornó final y firme.

Sin embargo, aunque One Alliance no siguió el curso de revisión pertinente, presentó su reconvención como un pleito aparte. Una vez presentado, ante la solicitud de PRAPI, el TPI desestimó la acción por constituir cosa juzgada. Como vimos, la defensa de cosa juzgada es una de las provistas expresamente por la Regla 6.3 de Procedimiento Civil. Los requisitos para su efectividad son la identidad de: cosas, causas, personas litigantes y calidad en que los fueron.

En este caso la defensa procede puesto que se cumplen con todos los requisitos de la doctrina. Primero, entre el caso original (reconvención) y el de marras hay identidad de cosas puesto que el objeto de controversia fueron las reclamaciones a las pólizas de seguro y las alegaciones de fraude. Segundo, hay identidad de causas puesto que tanto en la reconvención como en esta demanda One Alliance reclamó el alegado fraude en la reclamación a las pólizas mediante el cobro de dinero e

KLAN202200791

incumplimiento de contrato. Finalmente, hubo identidad de partes y calidad en que lo fueron puesto que ambas causas de acción se presentaron en contra de PRAPI como demandado.

De una mera comparación de ambos recursos surge que son similares y que los cambios son mínimos. Mas aun, en ambos reclama el incumplimiento de contrato, el fraude y suplica los mismos remedios. Siendo ello así, la adjudicación del Tribunal en el caso original en cuanto a la denegatoria de la reconvención compulsoria constituye cosa juzgada, razón por la cual One Alliance no tiene oportunidad de plantear sus reclamos nuevamente en un pleito aparte.

**IV**

Por lo fundamentos expuestos, se confirma la sentencia del Tribunal de Primera Instancia por lo que la causa de acción de la parte apelante queda desestimada con perjuicio.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones