Isolina Pérez, en representación de su hijo menor Juan Pé-
rez, demandante y apelado, *v.* Miguel Bauzá, demandado
y apelante.

*Número:* 12491. *Resuelto:* 21 de julio de 1961.

*Eudaldo Báez García,* abogado de la apelante; *José M. Saliceti,* abogado del apelado.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El menor Juan Pérez, representado por su madre Isolina Pérez, inició en 1952 una acción de filiación y reclamación de alimentos contra Miguel Bauzá. En la demanda presentada se alegó que la Pérez y el demandado sostuvieron relaciones amorosas desde 1945 a 1949 y vivieron en público concubinato en una finca propiedad de éste sita en el Barrio Buenos Aires, de Lares; que como resultado de las relaciones mencionadas nació el demandante en diciembre de 1947; que el demandado, tanto pública como privadamente, acariciaba a, y jugaba con, el referido menor y le trataba de hijo; que ayudaba a su sostenimiento y que, habiéndose trasladado la madre a Estados Unidos, el demandado encomendó el cuidado y crianza del me-

nor a una señora residente en Río Piedras, de apellido Chermety.

Bauzá solicitó la desestimación de la demanda por falta de jurisdicción fundándose en que no se había estampado el sello del tribunal en la copia de la demanda que le fue notificada al diligenciarse el emplazamiento. En 13 de mayo de 1953 el Tribunal Superior, Sala de San Juan, dictó una orden dirigida a los abogados de las partes para que se expusieran razones por las cuales no procedía la desestimación y archivo del pleito, por falta de instancia. No comparecieron las partes, y en su consecuencia, se dictó sentencia por abandono a tenor con las disposiciones de la Regla 11 de las Reglas para la Administración del Tribunal de Primera Instancia. (¹)

En 28 de marzo de 1956 se inició una nueva acción de filiación ante el Tribunal Superior, Sala de Ponce, estando representado el menor demandante por un abogado distinto. La demanda presentada contiene sustancialmente las mismas alegaciones reseñadas que se expusieron en el pleito anterior. Contra esta acción, el demandado opuso la defensa de cosa juzgada fundándose en la sentencia dictada por el Tribunal Superior, Sala de San Juan, y en otra sentencia dictada por el Tribunal de Distrito, Sala de San Juan, mediante la cual se absolvió al demandante del delito imputádole de abandono de menores. (²) En contestación a un requerimiento de admisiones bajo la Regla 36 de 1943 (Regla 33 de 1958) la ma-

---

(¹) Tanto la orden para mostrar causas como la sentencia de archivo fueron notificadas al Lic. B. Quiñones Elías, uno de los abogados de la parte demandante, al apartado de correos núm. 356 de San Juan, P. R., a pesar de que en el emplazamiento diligenciado aparecía que su dirección era en Aguadilla, P. R. También resultaba claramente que la dirección del Lic. Vargas Hernández, otro abogado de la parte demandante, era la Calle Méndez Liciaga de San Sebastián. La Regla 4.2 de las de Procedimiento Civil requiere que se haga constar la dirección del abogado de la parte demandante, y si no la tuviere, de la parte misma. Es a esta dirección que la secretaría debe dirigir toda notificación.

(²) En el acto del juicio no se presentó copia de esta sentencia, y meramente se intentó establecer el hecho con el testimonio de la madre del demandante. Este testimonio es confuso sobre este extremo, y la impresión que obtuvimos fue que la absolución se decretó por no haberse procedido a

dre del menor demandante indicó que "nunca tuvo notificación personal de que la demanda antes aludida había de desestimarse y sólo vino a tener conocimiento de este hecho, cuando cansada ya de hacer gestiones ante sus abogados . . . para que éstos prosiguieran el caso, y en vista de la actitud pasiva de sus abogados en aquel caso, compareció al Tribunal de Distrito donde se radicara el caso, (d) onde para su sorpresa fue informada que el mismo había sido desestimado por sus abogados."

El tribunal de instancia desestimó la defensa de cosa juzgada por entender que los abogados de la demandante en la acción originalmente radicada en la Sala de San Juan no fueron notificados de la orden preliminar ni de la sentencia decretando el archivo a la dirección de dichos abogados que aparecen en los autos.([3]) Se dictó sentencia declarando con lugar la demanda.

En el recurso de apelación entablado no se impugna la apreciación de la prueba que hizo el tribunal a quo para establecer que el menor demandante había estado en la posesión continua del estado de hijo natural del padre demandado.([4]) El único error apuntado se refiere a la desestimación de la defensa de cosa juzgada.

■ Según indicamos en *Bolker* v. *Tribunal Superior*, 82 D.P.R. 816 (1961), la regla general es que, en ausencia de una

---

dictar sentencia dentro de 24 horas. (Véase, *Silva* v. *Doe*, 75 D.P.R. 209, 213 (1953); Anotaciones, 37 A.L.R.2d 836 (1954) y 42 A.L.R.2d 634, 638 (1955).) Presumimos que la defensa de cosa juzgada se hace depender exclusivamente de la sentencia en el pleito civil de filiación, según se apunta en el error señalado y se discute en el alegato.

([3]) No se presentó prueba para demostrar que efectivamente los abogados no recibieron las notificaciones aludidas. De los autos originales del pleito no aparece que los sobres conteniendo dichos documentos fueran devueltos a la secretaría.

([4]) Hemos examinado la transcripción de evidencia, y en verdad, la prueba aportada por la parte demandante justifica plenamente el reconocimiento ordenado, y es suficiente para satisfacer el criterio más exigente. *Sanabria* v. *Sucn. González*, 82 D.P.R. 885 (1961); *Berdecía* v. *Tyrell*, 82 D.P.R. 698 (1961).

disposición de ley o de una regla de procedimiento, una sentencia desestimando una demanda por inacción, no impide al demandante proseguir otro pleito sobre la misma causa, ya que en principio se requiere una adjudicación en los méritos para que pueda prosperar la defensa de cosa juzgada. *Dismissal as Res Judicata*, 54 A.L.R.2d 473, 501 (1957); cf. *Antonio Roig Sucrs.* v. *Corte*, 66 D.P.R. 446 (1946); *Reyes* v. *Reyes*, 76 D.P.R. 284, 295 (1954). Sentencia del Tribunal Supremo de España de 7 de marzo de 1927 (Jurisp. Civil II, tomo 174, pág. 74). Idéntica solución adoptamos antes de la vigencia de las Reglas de Enjuiciamiento Civil de 1943. *Capella* v. *Carreras*, 57 D.P.R. 258 (1940). Sin embargo, a partir del día 1 de septiembre de 1943, comenzó a regir la Regla 41(b), que era sustancialmente igual a la Regla 39.2 de las de 1958, que establece una modalidad estatutaria de la cosa juzgada cuando se ha dictado sentencia por abandono. En la parte pertinente dicha regla lee como sigue:

"(b) *Desestimación; Sus Efectos.*—Si el demandante dejare de proseguir la acción o de cumplir con estas Reglas o con cualquier orden de la corte, un demandado puede solicitar la desestimación de la acción o de cualquier reclamación contra él. Después que el demandante haya terminado la presentación de su evidencia, el demandado, sin renunciar al derecho de ofrecer evidencia en el caso de que la moción no sea concedida, podrá solicitar la desestimación fundado en que los hechos y la ley no demuestran que el demandante tenga derecho a un remedio. *A menos que la corte en su orden de desestimación lo especifique de otro modo, una desestimación bajo esta subdivisión y una desestimación no provista por esta Regla—excepto la que se hubiese dictado por falta de jurisdicción—tienen el efecto de una adjudicación en los méritos.*" (Bastardillas nuestras.)

Esta Regla 41(b) responde al ejercicio del poder inherente de los tribunales de descongestionar sus calendarios, Moore's *Federal Practice*, vol. 5, pág. 1036, y también obedece indudablemente al laudable propósito de desalentar a los litigantes morosos o a aquéllos que utilizan la vía judicial para, por me-

dio de la iniciación de procedimientos sin méritos, causar inconveniencia a la parte contraria.

██ ██ En términos generales, puede afirmarse que la regla de cosa juzgada está fundada en consideraciones de orden público y necesidad: por un lado, el interés del Estado en que se le ponga fin a los litigios, que no se eternicen las cuestiones judiciales, como apunta Castán, *Derecho Civil Español Común y Foral*, tomo 1, pág. 815, y en la conveniencia de dar la debida dignidad a los fallos de los tribunales (Sentencia del Tribunal Supremo de España de 5 de julio de 1924 (Jurisp. Civil III, tomo 163, pág. 504)) y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. [5] La doctrina es de prosapia romana y hallaba expresión en la máxima "res judicata por veritate habetur". En su entronque con el derecho común se tradujo en las proposiciones 'interest republicae ut sit fines litium" y "nemo debet bis vesari pro eadem causa". En sus orígenes presupuso un procedimiento adversativo o contencioso y una adjudicación en los méritos. Sin embargo, las complejidades del procedimiento moderno, y el aumento en la litigación, han causado su extensión—por vía estatutaria—aun a fallos que no han adjudicado la controversia en sus méritos. Ejemplos de este desarrollo son la Regla 41(b) que consideramos y las Reglas 11.1 y 39.1(a) de 1958, que se refieren respectivamente a la defensa de cosa juzgada que puede interponerse cuando en un pleito anterior ha dejado de alegarse una reconvención compulsoria, *González v. Agostini*, 79 D.P.R. 510 (1956); *Sastre v. Cabrera*, 75 D.P.R. 1 (1953); cf. *Cruz v. Ortiz*, 82 D.P.R. 834 (1961), y cuando se ha desistido de la misma acción en más de una ocasión, *Res Judicata-Two Dismissal Rule*, 65 A.L.R.2d 642 (1959).

---

[5] *Howard T. Fisher & Assoc., Inc.* v. *Shinner Realty Co.*, 164 N.E.2d 266 (Ill. 1960); *Epstein* v. *Chatham Park, Inc.*, 153 A.2d 180, 184 (Del. 1959); *In re Richardson's Estate*, 93 N.W.2d 777 (Iowa, 1958); *Smith* v. *Smith*, 299 S.W.2d (Mo. 1957).

226

■■ Sin embargo, los tribunales se han negado a aplicar en forma inflexible la defensa de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público. *In re Spinosa's Estate,* 255 P.2d 843 (Cal. 1953); *Universal Const. Co.* v. *City of Fort Lauderdale,* 68 So.2d 366 (Fla. 1953); *Commissioner of State Insurance Fund* v. *Law,* 148 N.E.2d 136 (N.Y. 1958). Esto es particularmente cierto en los casos en que la sentencia anterior se opone a un menor de edad, que ordinariamente ha estado impedido de protegerse a sí mismo contra la conducta impropia o descuidada de su representante legal. *In re Di Carlo,* 44 P.2d 562 (Cal. 1935). Según se ha expresado, la doctrina descansa en el principio básico de que debe propiciarse la terminación de litigios, pero si la aplicación rigurosa de la misma derrotaría en la práctica un derecho permeado en alguna forma del interés público, los tribunales se inclinan hacia la solución que garantice cumplida justicia, en lugar de favorecer en forma rígida una ficción de ley que obedece fundamentalmente a un principio de conveniencia y orden procesal. *Universal Const. Co.* v. *City of Fort Lauderdale,* 68 So.2d 366 (Fla. 1953). ■ En otras palabras, la regla no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso. *Hodgson* v. *Applegate,* 155 A.2d 97 (N.J. 1959).

■ Es indudable que la acción de filiación, vehículo que concede la ley para establecer el status familiar del ciudadano, está revestida de un gran interés público, y tiene hasta tangencias constitucionales si se quiere, por lo que con ello afecta la dignidad del individuo. Precisamente el Artículo II, Sección 1, de la Constitución del Estado Libre Asociado de Puerto Rico, proclama que la dignidad del ser humano es inviolable, y define la igualdad de los hombres ante la ley, complementada con la prohibición de discrimen por motivo de *nacimiento.*

■ Ante el caso específico que consideramos en que 1) la sentencia que se opone como cosa juzgada no adjudicó los mé-

ritos de la causa de acción ejercitada, y que se considera como una adjudicación final únicamente por disposición estatutaria fundada en la conveniencia pública de la finalidad de las sentencias; 2) se trata de una acción de filiación revestida de interés público; 3) y el demandante es un menor a quien se le pretende imputar la falta de diligencia de su madre para derrotar su oportunidad de borrar el estigma de hijo espurio, no podemos, en el proceso de calibrar los dos principios en aparente conflicto, aplicar una norma que impida el ejercicio de la acción. Este es un caso adecuado para apartarnos de la rigidez que impone la cosa juzgada.([6]) Por otro lado, y apreciado desde el punto de vista de las molestias que puedan ocasionársele al demandado y que justificarían que se le amparara bajo la defensa de *res judicata,* su única actuación en el pleito anterior cuya sentencia se invoca, consistió en presentar una moción impugnando la jurisdicción del tribunal por un fundamento técnico. Esta moción ni siquiera se señaló para vista. No está tampoco presente el otro factor de inconveniencias repetidas a un litigante.([7])

En *Calaf* v. *Calaf,* 17 D.P.R. 198, 216–219 (1911) este Tribunal declaró con lugar la defensa de cosa juzgada en una acción de filiación. Esta sentencia fue confirmada por el Tribunal Supremo de Estados Unidos. *Calaf* v. *Calaf,* 232 U. S. 371 (1914). Sin embargo, los hechos allí envueltos son distinguibles, ya que la sentencia invocada se dictó al declarar con lugar excepciones previas formuladas a la demanda fundadas en la falta de capacidad para demandar, no aducir hechos constitutivos de causa de acción, ambigüedad y prescrip-

---

([6]) En *Monagas* v. *Vidal,* 170 F.2d 99, 106 (1948) el Tribunal de Apelaciones del Primer Circuito indicó que debe concederse una amplia discreción (latitute) a este Tribunal para formular y aplicar la doctrina de cosa juzgada, en forma compatible con nuestra peculiar situación local.

([7]) En casos más recientes en que hemos aplicado la defensa de cosa juzgada (*Cruz* v. *Ortiz,* 82 D.P.R. 834 (1961) y *Bolker* v. *Tribunal Superior,* 82 D.P.R. 816 (1961)), se trataba de relaciones puramente privadas de las partes, que no estaban revestidas de ningún interés público, y que por los hechos envueltos no justificaban la solución que hemos adoptado en cuanto al presente caso.

228

·ción de la acción de reconocimiento.    [9]  No es necesario, por tanto, que nos extendamos en la discusión de cuando aplicare-mos como regla general tal defensa en las acciones de filiación. ·Cada caso será resuelto considerando las circunstancias que 'lo rodeen.

No habiéndose cometido el único error señalado por el apelante, *se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 2 de agosto de 1957.*