RAFAEL BURGOS ORELLANO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ANTONIO RIVERA BRENES, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* 0-73-202          *Resuelto:* 20 de septiembre de 1973

*Salomón Legis* y *Aníbal Flores*, abogados del peticionario; *Miriam Naveira de Rolón, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados del interventor.

PER CURIAM: El peticionario fue declarado padre de un niño en juicio por abandono de menores (33 L.P.R.A. sec. 991) seguido en su contra ante el Tribunal de Distrito. Sala de Canóvanas. Se le ordenó pagar una pensión alimenticia de $100 mensuales. No conforme, apeló para ante el Tribunal Superior, Sala de San Juan. Al llamarse el caso para juicio *de novo* ante dicha Sala, fue desestimada la apelación por entender el tribunal a quo que no tenía jurisdicción habida cuenta de que el apelante, aquí peticionario, no consignó *pendente lite* en la secretaría del Tribunal Superior el importe de las pensiones. El apelante, por equivocación, había estado consignando dichas pensiones en la secretaría del Tribunal de Distrito, Sala en que fue sentenciado. Otro juez de la Hon. Sala recurrida (Tribunal Superior) había determinado previamente que mediante la consignación de las pensiones en el Tribunal de Distrito el apelante había cumplido sustancialmente con el requisito de ley.

En 27 de junio de 1973 dictamos resolución concediendo al tribunal recurrido y al Procurador General un término de 10 días para mostrar causa por la cual no debíamos expedir el auto solicitado y, una vez expedido éste, dejar sin efecto la resolución que desestimó la apelación. El Procurador General

oportunamente radicó un informe. Por inadvertencia emitimos una nueva resolución el 8 de agosto de 1973 concediendo nuevamente un término para mostrar causa, que por ser académica ahora dejamos sin efecto.

El Art. 263 del Código Penal, tal como fue enmendado por la Ley Núm. 10 de 16 de mayo de 1966, y por la Núm. 83 de 31 de mayo de 1972, [1] 33 L.P.R.A. sec. 991, dispone en su inciso (e):

"(e) La apelación para ante el Tribunal Superior de cualquier sentencia u orden dictada bajo esta sección, no suspenderá los efectos de la resolución ordenando el pago de alimentos; Disponiéndose, que en tal caso de apelación el acusado vendrá obligado a depositar *en la Secretaría de la Sala del Tribunal Superior para ante el cual se haya apelado* las cuantías por concepto de alimentos. A solicitud de parte interesada, el Tribunal, luego de escuchar el testimonio de ambas partes, podrá autorizar al Secretario del Tribunal Superior a que disponga a favor del alimentista de las cuantías consignadas, hasta que recaiga el fallo en dicha Sala. En los casos en que el fallo dictado sea en favor del acusado, el alimentista vendrá obligado a devolver las cuantías que el acusado hubiere consignado para beneficio de aquél. Disponiéndose, que en los casos en que el fallo dictado confirme la sentencia del tribunal apelado pero disminuya la cuantía por concepto de alimentos, la diferencia en dicha cuantía le será acreditada al acusado en los pagos futuros que éste deba depositar para beneficio del alimentista. Si el acusado dejare de cumplir con la consignación dispuesta, el Tribunal desestimará la apelación." (Énfasis nuestro.)

La intención del Legislador fue proteger tanto al alimentista, para en caso de confirmarse el fallo del Tribunal de Distrito, como al alimentante, para el caso de que se resuelva que éste no es padre de aquél. Ello es evidente de la lectura del informe de la Comisión de lo Judicial de la Cámara de Representantes (Servicio Legislativo de Puerto Rico, 1966, pág. 107), en que no se hace distinción en cuanto a la Sala de cuál

[1] El fallo del Tribunal de Distrito se produjo el 11 de julio de 1972, ya vigente la enmienda de 1972.

Tribunal debe consignarse *pendente lite* el importe de la pensión. El fragmento del debate sobre el P. del S. que se convirtió en la Ley Núm. 10 del 1966, que cita el Procurador General, abunda en cuanto al propósito esencial de que la apelación no suspenda los efectos de la sentencia, y que quede garantizado el alimentista de que de prevalecer esta, el importe total de las pensiones consignadas estará disponible para él inmediatamente. El haber consignado las pensiones en este caso en la secretaría del Tribunal de Distrito y no en la del Superior constituye un error que podía ser fácilmente subsanado y que en nada perjudicó al menor alimentista. Ese error no debe derrotar el derecho del acusado a que se ventile en su fondo dentro del juicio *de novo* el importante asunto de la paternidad. Aparte del interés que naturalmente tienen el niño y el alegado padre, sabido es que en estos casos también el Estado tiene un interés especial. *Cf. Garzot* v. *Tribunal Superior*, 90 D.P.R. 359 (1964) y *Pérez* v. *Bauzá*, 83 D.P.R. 220 (1961).

*Se expide el auto de certiorari solicitado, se deja sin efecto la resolución del Tribunal Superior, Sala de San Juan, dictada el 21 de mayo de 1973 en el caso número JN72-118 que desestimó el recurso interpuesto por el aquí peticionario Rafael Burgos Orellano, y se ordena la continuación de los procedimientos ante dicha Sala.* La Sala recurrida deberá requerir del Tribunal de Distrito, Sala de Canóvanas, que le remita para su consignación en la secretaría del Tribunal Superior todos los dineros depositados por el peticionario Burgos Orellano en la secretaría de aquella Sala por concepto de pensión alimenticia *pendente lite*. El peticionario continuará consignando la pensión en la secretaría del Tribunal Superior, Sala de San Juan.