<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

     [NOT FOR PUBLICATION   NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 98-1842

                     LINETTE EILEEN COLON,  
       ON BEHALF OF HER MINOR CHILD, WILLIAM DIAZ, JR.,
                                
                    Plaintiff, Appellant,
                                
                              v.
                                
                    ZORAIDA BUXO, ET AL.,
                                
                    Defendants, Appellees.
                                

         APPEAL FROM THE UNITED STATES DISTRICT COURT
                                
               FOR THE DISTRICT OF PUERTO RICO
                                
       [Hon. Daniel R. Domnguez, U.S. District Judge]
                                

                            Before
                                
                    Torruella, Chief Judge,
            Coffin and Cyr, Senior Circuit Judges.
                                
                                

    Maritere Perez-Pascual with whom Peter John Porrata was on
brief for appellant.
    Leticia Casalduc Rabell, Assistant Solicitor General, with
whom Carlos Lugo-Fiol, Solicitor General, and Edda Serrano-Blasini,
Deputy Solicitor General, were on brief for appellees.

March 30, 1999

                                
                                

    Per Curiam.  We affirm the judgment below, mainly on the
district court's opinion of May 20, 1998, denying plaintiff's
motion for reconsideration.  We deem it appropriate to make a few
additional comments.
    Preliminarily we observe that the present appeal is not from
the original judgment supported by the district court's opinion
dated November 26, 1997, which was erroneously reproduced as an
addendum to plaintiff's brief.  Rather, the appeal is from the
denial of the motion for reconsideration, and, consequently, we
review for abuse of discretion.
    After the district court's first opinion, barring litigation
of plaintiff's  1983 claim on res judicata grounds, plaintiff
moved to reconsider, making two points.  The first was that the
parties in the two suits were not identical, the first action being
brought in plaintiff's personal capacity and the second in his
representative capacity.  This contention is squarely and fully
dealt with in the district court's opinion.
    The second basis for reconsideration was the simple assertion
that plaintiff's action was not time barred because under Puerto
Rico law the prescriptive term of a minor is interrupted during his
minority.  This assertion is puzzling because a statute of
limitations defense was not in issue.
    Only on appeal do we find the argument that, under Puerto Rico
law, there is a public policy exception to res judicata application
to judgments which are adverse to minors, citing Perez v. Bauza, 83
D.P.R. 220 (1961).
    This prompts us to say the following:  (1) the argument, not
having been presented to the district court, cannot be considered
on appeal; (2) occasionally the preclusive effect of a prior
federal court judgment can be avoided upon a showing of "unusual
hardship," Kale v. Combined Ins. Co. of America, 924 F.2d 1161,
1168 (1st Cir. 1991); and (3) we see neither error of law nor abuse
of discretion in a failure to discern "unusual hardship," even if
the point had been raised.
    Finally, we are not unsympathetic to the plight of this minor
plaintiff, who may have lost a viable cause of action.  But the
answer is not to expand the sweep of Perez v. Bauza, which held
that there is no preclusive effect of a prior judgment adverse to
a minor in a filiation action against a putative father, since that
court was concerned about a minor's losing the opportunity to erase
the stigma of illegitimacy through the negligence of his mother.  
To leap from this to an across-the-board exclusion from finality
principles for any judgment adversely affecting a minor would be a
dazzling encroachment on the legislative function.  Of course, in
cases where preclusion may be attributed to the fault of counsel,
a minor is not left without remedy.
    Appellees' request for sanctions under Fed. R. App. P. 38 is
denied.
    Affirmed.

</body>

</html>