Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JESÚS SANTIAGO RUIZ Y OTROS<br><br>Demandantes-Apelantes<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>Demandados-Apelados | KLAN202300936 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2023CV01413<br><br>SOBRE: LIBELO, CALUMNIA O DIFAMACIÓN |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la parte apelante, Jesús Santiago Ruíz, para solicitarnos que se revise y revoque la *Sentencia* dictada el 15 de agosto de 2023, notificada el 22 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual desestimó la *Demanda* instada por el apelante.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada.

I

El Sr. Santiago Ruíz laboraba para el Departamento de Seguridad Pública del Municipio de San Juan hasta su destitución el 22 de noviembre de 2019 por imputaciones de hostigamiento sexual, en su modalidad de ambiente hostil y sexualmente ofensiva en el área de trabajo, contra la Sra. Evelyn Rodríguez Heredia. Previo a su destitución, el Sr. Santiago Ruíz fue suspendido sumariamente, se condujo una investigación administrativa, se celebró una vista y la Autoridad Nominadora le remitió una carta informándole de su

destitución. El 25 de noviembre de 2019, el Sr. Santiago Ruíz recurrió a la Comisión Apelativa del Servicio Público (CASP) mediante *Apelación,* caso de designación CASP 2019-11-0217. Según consta el apelante en su escrito, la CASP llevó a cabo una vista adjudicativa en sus méritos en el mes de febrero de 2023 y aún se encuentra pendiente la resolución final.

El 19 de febrero de 2020, el Sr. Santiago Ruíz, Aida Ruíz Álvarez y la sociedad de bienes gananciales compuesta por ambos instaron una *Demanda* en contra del Municipio de San Juan (en adelante, "Municipio"), entre otros, por daños y perjuicios a causa de los eventos antes descritos, caso de alfanumérica SJ2020CV05653. Alegaron que las imputaciones de hostigamiento sexual son frívolas e infundadas, que la destitución fue ilegal, caprichosa, represiva y arbitraria y que sufrieron daños a causa de ello.

El 28 de abril de 2021, notificada al día siguiente, el Tribunal de Primera Instancia dictó *Sentencia* desestimando sin perjuicio la *Demanda* por falta de jurisdicción al entender que la CASP poseía jurisdicción exclusiva para atender la impugnación de la destitución del Sr. Santiago Ruíz. El Foro Primario añadió que la acción de daños y perjuicios dependerá de la determinación de la CASP. El Sr. Santiago Ruíz apeló el dictamen ante este foro revisor y, el 16 de septiembre de 2021, este Tribunal de Apelaciones dictó *Sentencia* en la cual confirmó el dictamen apelado del Tribunal de Primera Instancia.[1] El 11 de febrero de 2022, notificada el 17 de febrero de 2022, el Tribunal Supremo de Puerto Rico emitió una *Resolución* donde denegó el auto de *certiorari* presentado por el Sr. Santiago Ruíz.[2] La *Sentencia* advino final y firme.

---

[1] Véase *Sentencia* del recurso KLAN202100535 y apéndice del recurso KLAN202300936, págs. 51-61.
[2] Véase caso número CC-2021-0826.

Así las cosas, el 16 de febrero de 2023, el Sr. Santiago Ruíz, Aida Ruíz Álvarez y la sociedad de bienes gananciales compuesta por ambos **presentaron una segunda e idéntica *Demanda*,** con la excepción de tres (3) demandados adicionales y el señalamiento de que la *Demanda* está relacionada con la demanda previamente instada. El 10 de julio de 2023, el Municipio y los demás demandados presentaron una *Moción de Desestimación y en Solicitud de Imposición de Honorarios por Temeridad.* En esencia, arguyeron que aplica la doctrina de cosa juzgada debido a que persisten las mismas circunstancias que en la primera *Demanda,* que el foro *a quo* carece de jurisdicción sobre la materia y que aplica la inmunidad soberana al Municipio por tratarse de causas de acción por difamación, calumnia y libelo. Por último, argumentaron que al no existir una reclamación que justifique la concesión de un remedio debería desestimarse la *Demanda* e imponerse honorarios de abogados por temeridad.

El 14 de agosto de 2023, los demandantes presentaron una *Moción Urgente en Oposición a Desestimación.* En apretada síntesis, los demandantes arguyeron lo siguiente: 1) que la desestimación inicial fue sin perjuicio, por lo que no aplica cosa juzgada; 2) que la *Demanda* busca la adjudicación de los daños causados por la destitución y no atacar la validez de la destitución, cuya encomienda le corresponde a la CASP; 3) que parte del propósito de esta segunda *Demanda* era interrumpir el término prescriptivo de la acción en daños y perjuicios, pues, el procedimiento administrativo no interrumpe dicho término prescriptivo de un (1) año; y 4) que, en la alternativa, se paralicen los procedimientos hasta que culmine el trámite administrativo.

El 15 de agosto de 2023, notificada el 22 de agosto de 2023, el Tribunal de Primera Instancia dictó *Sentencia* en la cual dispuso lo siguiente:

Evaluadas las mociones anteriores, determinamos **Ha Lugar** la solicitud de desestimación sumaria presentada por la parte demandada y se acogen e incorporan en su totalidad los hechos y fundamentos allí establecidos y conforme a los resuelto en el caso KLAN202100535 del Tribunal de Apelaciones. Esta Sentencia se dicta con costas, y sin imposición especial de gastos ni honorarios de abogado. (Énfasis en Original).[3]

Inconforme, el 20 de octubre de 2023, el Sr. Santiago Ruíz presentó la *Apelación de Sentencia* ante nos con los siguientes señalamientos de error:

Erró el Honorable Tribunal al declarar en [sic] Ha Lugar la Moción de Desestimación presentadas [sic] por los DEMANDADOS RECURRIDOS y[,] en consecuencia[,] emitir una Sentencia desestimando la causa de acción en su totalidad y con perjuicio.

Erró el Honorable Tribunal al emitir Sentencia declarando Ha Lugar la Solicitud de Desestimación, acogiendo e incorporando "en su totalidad los hechos y fundamentos" en ella recogidos y lo resuelto por el Tribunal de Apelaciones en el caso KLAN202100535.

Erró el Honorable Tribunal al emitir Sentencia desestimando sumariamente y con perjuicio la totalidad de la causa de acción, obviando las doctrinas de abstención judicial y paralización de los procedimientos en tanto se concluyan todos los procesos en el foro administrativo, así como el t[é]rmino prescriptivo aplicable a las causas de acción en daños y perjuicios.

Comparecido las partes y presentado sus escritos, damos por perfeccionado el recurso de epígrafe. Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

II

## A. *Cosa Juzgada*

El Artículo 1204 del Código Civil de Puerto Rico de 1930[4] codificó la doctrina de cosa juzgada, o *res judicata*, en nuestra jurisdicción. En lo pertinente, el referido Artículo dispone lo siguiente:

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso

---

[3] Véase apéndice de recurso de apelación KLAN202300936, pág. 2.
[4] Art. 1204 del Código Civil de Puerto Rico de 1930, según enmendada, 32 LPRA sec. 3343. Hacemos constar que dicho Código Civil ha sido derogado por la Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 et seq.

resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. [...][5]

Aún con la adopción del nuevo Código Civil de Puerto Rico[6], la vigencia de la doctrina continúa a través de nuestra jurisprudencia. La doctrina de cosa juzgada está fundada en consideraciones de orden público y necesidad, pues, se busca, en el interés del Estado, que se pongan fin a los litigios, que no se eternicen las cuestiones judiciales, dar la debida dignidad a los fallos de los tribunales y que no se someta en dos ocasiones a un ciudadano a las molestias de litigar la misma causa.[7] Además, la doctrina "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial" y así evitar gastos adicionales al Estado y a los litigantes.[8] De esta manera se promueve la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes entre sí.[9]

Una vez aplicada, el efecto de ésta es que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior.[10] Así es la realidad jurídica que el efecto de cosa juzgada en una sentencia judicial permanece, aunque la misma sea errónea.[11]

---

[5] *Id.*
[6] Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 et seq.
[7] *Pérez v. Bauzá*, 83 DPR 220, 225 (1961).
[8] *Ortiz Matías v. Mora Development*, 187 DPR 649, 655 (2013); *Presidential v. Transcaribe*, 186 DPR 263, 273-274 (2012); *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993)
[9] *Rodríguez v. Colberg*, 131 DPR 212, 218 (1992)
[10] *Pagán v. UPR*, 107 DPR 720, 732-733 (1978).
[11] *Ramos González v. Medina*, 121 DPR 312, 339 (1988).

Para la presunción de cosa juzgada se requiere que concurra la más perfecta identidad de cosas, causas, partes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada.[12] El requisito de identidad de cosas exige que el primer y segundo pleito versen sobre el mismo objeto o materia sobre la cual se ejercita la acción.[13] El criterio para determinar si existe identidad de cosas es si un juez se expone a contradecir una determinación anterior.[14] En cuanto al requisito de identidad de causas se examina el origen o motivo de las acciones planteadas y resueltas. Esta identidad existe cuando "los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada".[15] Para ello es necesario cuestionar si ambas reclamaciones se basan en el mismo núcleo de hechos o misma transacción.[16] Por último, la identidad de las personas y la calidad en que lo fueron se constituye cuando "los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas".[17]

III

Debido a que los tres (3) señalamientos de error están íntimamente relacionados, estos se discutirán en conjunto. Esencialmente, el apelante arguyó que el Tribunal de Primera Instancia erró al desestimar la *Demanda* y acogerse a los hechos y fundamentos de la moción de desestimación presentada por la parte demandada y lo resuelto por el Tribunal de Apelaciones en el caso KLAN202100535. No le asiste la razón.

---

[12] *Ortiz Matías v. Mora Development, supra; Rodríguez v. Colberg, supra*, pág. 219.
[13] *Presidential v. Transcaribe, supra*, pág. 274; *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981)
[14] *Presidential v. Transcaribe, supra.*
[15] *Id.*, pág. 275.
[16] *Id.*
[17] Art. 1204 del Código Civil de Puerto Rico de 1930, *supra.*

Según constamos anteriormente y reconoce el apelante en sus escritos, la *Demanda* de epígrafe fue presentada en una ocasión anterior y desestimada mediante sentencia final y firme. El Tribunal de Primera Instancia desestimó la primera vez por falta de jurisdicción debido a que la CASP posee jurisdicción exclusiva para atender la impugnación de la destitución del Sr. Santiago Ruíz y que la acción en daños y perjuicios dependerá de la determinación de la CASP. Los procedimientos ante la CASP siguen pendientes de adjudicación. Las circunstancias desde la primera desestimación no han cambiado.

Ahora bien, para la aplicación de la doctrina de cosa juzgada se requiere la identidad de cosas, causas, personas litigantes y la calidad en que lo fueron. Primeramente, examinamos la identidad de causas y cosas. La primera y segunda *Demanda* presentada por el apelante son idénticas, con excepción de los nuevos demandados, tratan exactamente sobre los mismos hechos y contienen las mismas causas de acción. Por tanto, resulta ineludible concluir que existe una identidad de causas por tratarse de hechos y fundamentos idénticos e identidad de cosas por versar sobre la misma materia y causas de acción.

Por último, debe haber identidad de las partes y la calidad en que lo fueron. Evidentemente, las partes de ambos pleitos son las mismas. La segunda *Demanda* solo añadió al actual alcalde del Municipio en su carácter oficial y al Sr. Arrillaga Reyes, esposo de la Sra. Rodríguez Heredia, junto a la sociedad legal de bienes gananciales, la cual luego se probó que no existía y se solicitó la desestimación, sin oposición del apelante. El Tribunal de Primera Instancia desestimó el pleito en su totalidad antes de resolver la solicitud de desestimación. Por ende, resulta forzoso concluir que existe identidad de partes y la calidad en que lo fueron persiste.

Sin duda alguna, aplica la doctrina de cosa juzgada al caso de epígrafe al concurrir todos los requisitos. La *Sentencia* dictada en el caso de KLAN202100535 advino final y firme y constituye cosa juzgada en el presente caso. Aún está pendiente de adjudicación la procedencia o no de la destitución del empleo del apelante ante la CASP, quien es el organismo que posee jurisdicción exclusiva sobre dicho asunto y del cual depende la causa de acción presentada por el apelante en el presente pleito. El propósito de la doctrina de cosa juzgada es impedir la litigación de asuntos ya adjudicados, evitar dictámenes inconsistentes y evitar que las partes incurran en gastos innecesarios. En virtud de lo anterior, la determinación del Tribunal de Primera Instancia fue correcta y procede la desestimación del pleito.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se confirma la *Sentencia* apelada emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones