Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| MARÍA ROSADO RAMOS  Ex parte-Peticionaria | KLAN202301030 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla  Caso Núm. AG2023CV00918 (601)  SOBRE:  Expediente de Dominio |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Juez Ponente, Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Comparece la parte apelante, María Rosado Ramos, para solicitarnos que se revise y revoque la *Sentencia* dictada el 17 de octubre de 2023, notificada el 19 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la cual desestimó la *Petición Enmendada* presentada por la apelante.

Por los fundamentos que exponemos a continuación, se confirma la *Sentencia* apelada.

I

El 13 de octubre de 2021, la Sra. Rosado Ramos presentó una *Petición* de expediente de dominio sobre un predio de terreno no inscrito en el caso número AG2021CV01255. Alegó haber adquirido el predio de terreno de sus hermanos, Marcelino Rosado Ramos y Amaro Rosado Ramos, mediante documento privado y que ha poseído la propiedad "quieta, pública, pacífica e ininterrumpidamente, en concepto de dueño" por más de treinta (30) años. Además, indicó carecer de título inscrito de dominio sobre el predio de terreno que pueda ser inscrito en el Registro de la

Número Identificador

SEN2023 _____

Propiedad y solicitó la declaración de dominio para justificar la posesión.

Acaecido diversos trámites procesales, el 1 de febrero de 2022, LUMA ENERGY, SERVCO LLC (en adelante, "LUMA"), compareció y presentó una *Moción Asumiendo Representación Legal en Solicitud de Prórroga y en Solicitud de Consolidación de Pleitos*. LUMA solicitó, entre otras, la consolidación del caso núm. AG2021CV01255 con el caso núm. AG2021CV01252 por entender que ambos casos trataban sobre el mismo predio de terreno y se pretendía hacer una segregación de facto de una propiedad de mayor cabida. LUMA indicó que la petición de expediente de domino en el caso AG2021CV01252 fue presentada por Marcelino Rosado Ramos, hermano de la Sra. Rosado Ramos, del cual alegadamente adquirió la propiedad por contrato privado de los padres, Inocencio Rosado y Amparo Ramos. Además, LUMA señaló que las propiedades en ambos casos poseen el mismo número de catastro e idéntica dirección, a pesar de que los peticionarios alegan ser dueños distintos y tener cabidas y colindantes distintos.

El 2 de febrero de 2022, los peticionarios de ambos casos presentaron una *Moción en Oposición a Consolidación*. En apretada síntesis, arguyeron que se trataba de predios de terrenos distintos con cabidas diferentes y que ello conllevaba diversas partes indispensables en cada caso, por lo que no debía consolidarse. Así las cosas, el 5 de febrero de 2022, notificada el 7 de febrero de 2022, el Tribunal de Primera Instancia emitió una *Orden* declarando No Ha Lugar a la consolidación de casos y concediéndole a la Sra. Rosado Ramos un término de quince (15) días para presentar una resolución por ARPE aprobando la segregación y escritura de segregación de los predios en controversia.

El 9 de febrero de 2022, los peticionarios conjuntamente[1] presentaron una *Moción Solicitando Aclaración de Orden* y solicitaron una aclaración sobre el requisito de presentar una escritura de segregación y aprobación por ARPE. En respuesta, el 11 de febrero de 2022, el Tribunal de Primera Instancia emitió una *Orden* con la siguiente determinación:

> Los casos indicados por Luma, los cuales tienen el mismo número de catastro, expresados en la Moción presentada por la parte Peticionaria, solicitando aclaración de Orden, se confirma, que en efecto, no han sido segregados. El Artículo 185 de la ley 210 de 2015, provee para la inscripción de propiedades que no consten inscritas en el Registro de la Propiedad[.] Sin embargo, el procedimiento de Expediente de Dominio, no es el remedio en ley para inscribir predios de terreno que constan inscritos a nombre de terceros o de Sucesiones, y no han sido segregados. De entender la parte Peticionaria que se cumple con el término para que pudiera aplicar la figura de la Usucapión, deberá presentar dicha causa de acción, mediante una demanda Ordinaria. Se conceden 10 días para desistir del caso o se estará desestimando la Petición.

Ante ello, el 12 de febrero de 2022, los peticionarios presentaron una *Moción en Oposición a Orden de 11 de febrero de 2022*. Los peticionarios argumentaron que los predios de terrenos no constan inscritos a nombre de terceros ni de cualquier otra persona, cuyo hecho es motivo de la petición, y solicitaron que se dejara sin efecto la última *Orden* por no existir caso para ello.

El 1 de marzo de 2022, notificada el 3 de marzo de 2022, el Tribunal de Primera Instancia dictó *Sentencia*. El Foro Primario concluyó que las peticiones de los casos núm. AG2021CV01252 y AG2021CV01255 versaban sobre predios de terreno de mayor cabida que no habían sido segregados y que el procedimiento de expediente de dominio no se puede utilizar para obtener una división de una propiedad poseída en común. Además, el Tribunal esgrimió

---

[1] Hacemos constar que, según los expedientes digitales en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) de los casos núm. AG2021CV01252 y AG2021CV01255, los peticionarios continuaron litigando ambos casos conjuntamente, a pesar de la denegatoria a la consolidación por el Tribunal de Primera Instancia en la *Orden* de 5 de febrero de 2022.

que no constituye un justo título un título de dominio sobre una porción pro indivisa en una fina no segregada. Por último, expresó que el expediente de dominio solo se utilizará para justificar el dominio y no equivale a una acción declaratoria de usucapión. En ausencia de los documentos requeridos por el Foro de Instancia, se desestimó sin perjuicio la *Petición* de la Sra. Rosado Ramos.

El 22 de abril de 2022, los peticionarios conjuntamente recurrieron ante este Tribunal de Apelaciones en la apelación núm. KLAN202200300. El 28 de noviembre de 2022, este foro revisor dictó *Sentencia*. En lo pertinente al caso ante nos, el foro intermedio **no acogió la apelación del caso AG2021CV01255 debido a que solo se recurrió de la *Sentencia* del caso AG2021CV01252 y los casos nunca fueron consolidados** en el Tribunal de Primera Instancia.[2]

No obstante, el 29 de diciembre de 2022, los peticionarios conjuntamente presentaron una *Moción Solicitando Señalamiento de Vista*, donde alegó que la *Sentencia* del caso KLAN202200300 revocó la desestimación de las peticiones de expediente de dominio en ambos casos, AG2021CV01252 y AG2021CV01255, y que se le ordenó al Tribunal de Primera Instancia a señalar vista para la declaración de dominio. Mediante *Orden* el 30 de diciembre de 2022, notificada el 3 de enero de 2023, el foro *a quo* expresó que "[n]o se ha recibido Mandato del Tribunal de Apelaciones, [sic] que nos autorice actuar en el caso".

Posteriormente, el 24 de febrero de 2023, la Sra. Rosado Ramos presentó una *Apelación* ante este Tribunal de Apelaciones recurriendo de la *Sentencia* dictada en el caso que le correspondía,

---

[2] En este particular, el Tribunal de Apelaciones expresó lo siguiente: "Tomamos conocimiento judicial que en el caso AG2021CV01255, también se dictó otra sentencia desestimatoria, el mismo día y con iguales fundamentos a la que aquí atendemos, pero esa nunca se trajo a nuestra consideración y los casos nunca se consolidaron en el TPI". Véase *Sentencia* del caso núm. KLAN202200300, pág. 1. En adición, anotamos que, el 21 de febrero de 2023, este Tribunal de Apelaciones emitió una corrección *nunc pro tunc* de la *Sentencia* para eliminar del epígrafe el caso núm. AG2021CV01255 por los mismos fundamentos.

el caso núm. AG2021CV01255. No obstante, el 8 de marzo de 2023, este foro revisor desestimó el recurso por falta de jurisdicción por presentación tardía.[3] En dicha *Sentencia,* concluimos que, debido a que la sentencia recurrida fue dictada el 3 de marzo de 2022, la *Sentencia* del Tribunal de Primera Instancia **advino final y firme** el 4 de abril de 2022 al no haberse apelado dentro del término jurisdiccional de treinta (30) días.

Nuevamente, el 7 de junio de 2023, la Sra. Rosado Ramos presentó la petición de expediente de dominio de epígrafe, donde reconoció que la misma fue radicada previamente, bajo el caso núm. AG2021CV01255. El 26 de junio de 2023, el Tribunal de Primera Instancia ordenó, entre otras cosas, que, en diez (10) días, la Sra. Rosado Ramos sometiera la autorización de la ARPE u OGPe autorizando la segregación del predio objeto de la petición. Al día siguiente, la Sra. Rosado Ramos presentó una *Moción en Cumplimiento de Orden* en la cual esgrimió que el caso KLAN202200300 resolvió que no es necesario presentar dichos documentos para declarar el dominio y solicitó que se le eximiera de tal requisito.

El Tribunal de Primera Instancia posteriormente informó que el caso ante su consideración no fue consolidado con el caso atendido por el Tribunal de Apelaciones. Transcurrido el término, el 14 de agosto de 2023, el Foro de Instancia ordenó a las Sra. Rosado Ramos a mostrar causa por el cual no debe imponérsele sanción por no haber cumplido con las órdenes del tribunal. El 22 de agosto de 2023, la Sra. Rosado Ramos expresó mediante moción que le es imposible proveer una Segregación aprobada por la OGPe por no cumplir con los requisitos de poseer una escritura sobre su predio de terreno ya que no tiene título, el cual desea obtener mediante la

---

[3] Véase caso núm. KLAN202300159.

declaración de dominio. Adicionalmente, objetó el requisito de proveer dichos documentos por entender que no son requisitos para la declaración de dominio y, por ende, no se le puede exigir cuando ha indicado que carece de título de adquisición.

El 17 de octubre de 2023, notificada el 19 de octubre de 2023, el Tribunal de Primera Instancia dictó *Sentencia*. El foro *a quo* resolvió que "[n]o habiéndose presentado documentación alguna que evidencia que el predio objeto de la Petición fue segregado de la finca de mayor cabida, se declara No Ha Lugar la Petición presentada y se desestima la misma, sin perjuicio".

Inconforme, el 16 de noviembre de 2023, la Sra. Rosado Ramos presentó una *Apelación* ante nos con los siguientes señalamientos de error:

PRIMER ERROR

Erró el Honorable Tribunal al determinar que es necesario una segregación para la Declaración de Dominio sobre un predio de terreno NO inscrito y sin título bajo el derecho de Usucapión Extraordinaria.

SEGUNDO ERROR

Erró el Honorable Tribunal al establecer que la Solicitud de Declaración de Dominio por Usucapión Extraordinaria, debe hacerse bajo otra forma y otros requisitos distintos a los establecidos en el Artículo 185 de la Ley 210 de 2015.

TERCER ERROR

Erró el Honorable Tribunal al separar el derecho sustantivo del Código Civil de 2020, que establece cómo se obtiene el derecho sobre una propiedad y el derecho procesal establecido en el Artículo 185 de la Ley 210 de 2015, para inscribir derechos de dominio no inscritos.

Comparecido la parte y presentado su escrito, damos por perfeccionado el recurso de epígrafe. Examinado el expediente en su totalidad, procedemos a establecer el derecho aplicable y resolver.

II

## A. *Cosa Juzgada*

El Artículo 1204 del Código Civil de Puerto Rico de 1930[4] codificó la doctrina de cosa juzgada, o *res judicata*, en nuestra jurisdicción. En lo pertinente, el referido Artículo dispone lo siguiente:

> Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. [...][5]

Aún con la adopción del nuevo Código Civil de Puerto Rico[6], la vigencia de la doctrina continúa a través de nuestra jurisprudencia. La doctrina de cosa juzgada está fundada en consideraciones de orden público y necesidad, pues, se busca, en el interés del Estado, que se pongan fin a los litigios, que no se eternicen las cuestiones judiciales, dar la debida dignidad a los fallos de los tribunales y que no se someta en dos ocasiones a un ciudadano a las molestias de litigar la misma causa.[7] Además, la doctrina "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial" y así evitar gastos adicionales al Estado y a los litigantes.[8] De esta manera se promueve la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes entre sí.[9]

---

[4] Art. 1204 del Código Civil de Puerto Rico de 1930, según enmendada, 32 LPRA sec. 3343. Hacemos constar que dicho Código Civil ha sido derogado por la Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 et seq.

[5] *Id.*

[6] Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 et seq.

[7] *Pérez v. Bauzá*, 83 DPR 220, 225 (1961).

[8] *Ortiz Matías v. Mora Development*, 187 DPR 649, 655 (2013); *Presidential v. Transcaribe*, 186 DPR 263, 273-274 (2012); *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827, 833-834 (1993)

[9] *Rodríguez v. Colberg*, 131 DPR 212, 218 (1992)

Una vez aplicada, el efecto de ésta es que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior.[10] Así es la realidad jurídica que **el efecto de cosa juzgada en una sentencia judicial permanece, aunque la misma sea errónea**.[11]

Para la presunción de cosa juzgada se requiere que concurra la más perfecta identidad de cosas, causas, partes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada.[12] El requisito de identidad de cosas exige que el primer y segundo pleito versen sobre el mismo objeto o materia sobre la cual se ejercita la acción.[13] El criterio para determinar si existe identidad de cosas es si un juez se expone a contradecir una determinación anterior.[14] En cuanto al requisito de identidad de causas se examina el origen o motivo de las acciones planteadas y resueltas. Esta identidad existe cuando "los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada".[15] Para ello es necesario cuestionar si ambas reclamaciones se basan en el mismo núcleo de hechos o misma transacción.[16] Por último, la identidad de las personas y la calidad en que lo fueron se constituye cuando "los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los

---

[10] *Pagán v. UPR*, 107 DPR 720, 732-733 (1978).
[11] *Ramos González v. Medina*, 121 DPR 312, 339 (1988).
[12] *Ortiz Matías v. Mora Development, supra; Rodríguez v. Colberg, supra*, pág. 219.
[13] *Presidential v. Transcaribe, supra*, pág. 274; *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981)
[14] *Presidential v. Transcaribe, supra.*
[15] *Id.*, pág. 275.
[16] *Id.*

que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas".[17]

### III

Como intimamos en el trámite procesal del presente caso, el Tribunal de Primera Instancia previamente había desestimado la petición de expediente de dominio bajo el razonamiento de que se pretendía hacer una segregación ilegal de una finca de mayor cabida, por lo que determinó que el procedimiento de expediente de dominio no era el remedio en ley para inscribir el predio de terreno y que, de entender que cumplía con los requisitos de usucapión, la apelante deberá presentar una demanda ordinaria de la figura de usucapión. Empero, de proceder con la petición, el foro *a quo* exigió la entrega de una autorización de segregación por la agencia administrativa correspondiente. En ausencia de ello, el Foro de Instancia desestimó sin perjuicio. Esta *Sentencia* advino final y firme y la determinación constituye cosa juzgada. Veamos.

La apelante asegura que obtuvo una *Sentencia* a su favor mediante el dictamen emitido por este Tribunal de Apelaciones en el caso núm. KLAN202200300, pero que solo se envió mandato para el caso núm. AG2021CV01252, de su hermano, Marcelino Ramos Rosado, y no para el suyo, el caso núm. AG2021CV01255. Dicha aseveración es incorrecta y amerita aclaración.

A pesar de la solicitud por LUMA de consolidar los casos núm. AG2021CV01252 y AG2021CV01255, el Tribunal de Primera Instancia declaró No Ha Lugar a la consolidación. Sin embargo, los peticionarios de ambos casos, bajo la misma representación legal, continuaron litigando conjuntamente. Luego de la sentencia desestimatoria de ambos casos, los peticionarios apelaron conjuntamente, recurriendo sólo de la sentencia dictada en el caso

---

[17] Art. 1204 del Código Civil de Puerto Rico de 1930, *supra.*

núm. AG2021CV01252. El panel hermano de este Tribunal de Apelaciones no acogió el caso núm. AG2021CV01255 por no haberse traído a consideración la sentencia que le correspondía y porque nunca se consolidaron los casos en el Tribunal de Primera Instancia. En otras palabras, en el recurso de apelación núm. KLAN202200300, este foro revisor no hizo determinación alguna del caso núm. AG2021CV01255 porque la apelante no recurrió del dictamen que le correspondía. Así lo informó en la *Sentencia* el 28 de noviembre de 2022 y al corregirse el dictamen *nunc pro tunc* para eliminarse el caso núm. AG2021CV01255 del epígrafe, en la fecha 21 de febrero de 2023.

Aún así, el 24 de febrero de 2023, la apelante apeló la *Sentencia* de su pleito, caso núm. AG2021CV01255, dictada el 3 de marzo de 2022, "[c]on la intención de que se repitiera la Sentencia obtenida en el caso KLAN2022-0300 y se enviara mandamiento al caso AG2021CV01255".[18] Evidentemente, dicha sentencia fue apelada fuera de término y este foro intermedio no tuvo alternativa que desestimar por falta de jurisdicción ya que la *Sentencia* del Tribunal de Primera Instancia advino final y firme el 4 de abril de 2022.[19]

Así las cosas, la apelante nuevamente presentó su petición ante el Tribunal de Primera Instancia e incumplió con el mismo requisito impuesto en la primera presentación de su petición, resultando su inevitable desestimación bajo los mismos fundamentos. Esencialmente, la apelante repitió el mismo tracto procesal en un segundo intento para que se "repita" el dictamen en el caso KLAN20220300, esta vez apelando dentro del término. Tanto es así que tenemos ante nuestra consideración idénticos señalamientos de error y argumentos similares a los presentados en

---

[18] Véase alegato de la parte apelante, pág. 2.
[19] Véase caso núm. KLAN202300159.

el caso núm. KLAN202300159. No obstante, estamos nuevamente impedidos de considerar dichos señalamientos de error debido a que estamos ante una cuestión que constituye cosa juzgada.

Para la aplicación de cosa juzgada nuestro ordenamiento jurídico requiere que concurra la identidad de cosas, causas, partes y la calidad en que lo fueron en el caso resuelto por la sentencia y en el caso posterior. No cabe duda de que en este caso concurren todos los requisitos. Existe identidad de cosas al versar sobre la misma cuestión presentada en ambos pleitos: una petición sobre expediente de domino sobre el predio de terreno alegadamente en posesión de la Sra. Rosado Ramos. Existe identidad de causas por ser idéntico los hechos y fundamentos que afectan la cuestión planteada. Por último, existe identidad de partes y la calidad en que lo fueron al ser la apelante la misma peticionaria en ambos casos. Ante ello, se cumplen con los requisitos esbozados por la jurisprudencia y se constituye la doctrina de cosa juzgada.

Recordamos que el efecto de la figura de cosa juzgada es impedir que se litiguen nuevamente las cuestiones ya litigadas y adjudicadas, junto a aquellas que pudieron haber sido litigadas y adjudicadas, en un pleito anterior.[20] Así es nuestra realidad jurídica que la jurisprudencia ha establecido que el efecto de cosa juzgada en una sentencia judicial permanece, aunque la misma sea errónea.[21] Por ende, no podemos revisar una cuestión que fue litigada y adjudicada mediante sentencia de un pleito anterior que advino final y firme el 4 de abril de 2022.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se confirma la *Sentencia* apelada

---

[20] *Pagán v. UPR, supra.*
[21] *Ramos González v. Medina, supra.*

emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones