ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VIANETTE CRUZ FIGUEROA Y LUIS JONEL CRUZ CRUZ<br><br>Apelante<br><br>v.<br><br>JOSÉ ORLANDO CRUZ FIGUEROA; GREGORY CRUZ FIGUEROA; KRISTAL CRUZ ORTIZ; Y GRAGORY CRUZ ORTIZ<br><br>Apelada | **KLAN202301108** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2022CV02239<br><br>Sobre: Incumplimiento de Contrato; Reivindicación; Cancelación Inscripción y Cobro de Dinero División de Herencia |

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio, y la Jueza Álvarez Esnard.[1]

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante este foro, la Sra. Vianette Cruz Figueroa y el Sr. Luis Jonel Cruz Cruz (en conjunto, "los apelante"), y nos solicitan que revisemos la *Sentencia* emitida por el Tribunal de Primeria Instancia, Sala de Carolina, notificada el 9 de noviembre de 2023. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la solicitud de desestimación presentada por el Sr. José Orlando Cruz Figueroa (señor José Orlando o "el apelado"), en consecuencia, desestimó con perjuicio la demanda.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** la *Sentencia* apelada.

---

[1] En virtud de la Orden Administrativa OATA-2023-217, se designa a la Hon. Alicia Álvarez Esnard en sustitución de la Hon. Olga E. Birriel Cardona.

**I.**

El 13 de febrero de 2020, el Sr. Gregory Cruz Merced, la Sra. Vianette Cruz Figueroa, y la Sociedad Legal de Bienes Gananciales compuesta por ambos presentaron una *Demanda* sobre incumplimiento de contrato, reivindicación, cancelación de inscripción y cobro de dinero contra del señor José Orlando.[2] Mediante esta, alegaron que adquirieron un bien inmueble mediante la escritura de compraventa número 736 otorgada el 30 de octubre de 2009, ante la Notario Georgette M. Rodríguez Figueroa. Sostuvieron que, el inmueble fue adquirido a nombre del apelado, quien actuó como testaferro, ya que ellos no cualificaron para un préstamo hipotecario.

No obstante, esbozaron que luego de reconstruir y mudarse a la propiedad, además de obtener los servicios esenciales de agua, luz y teléfono a su nombre, y continuar pagando la hipoteca, le solicitaron al señor José Orlando el otorgamiento de la *Escritura de Cesión de Derechos*, pero se negó. Asimismo, indicaron que luego del paso del Huracán María, el seguro de la hipoteca reembolsó la cantidad de $23,109.43, pero dicho cheque fue dirigido a nombre del apelado, quien alegaron de igual forma se negó a dárselo. Por ello, solicitaron fuera declarada *Ha Lugar* la *Demanda*. A este caso el Tribunal de Primera Instancia le asignó el alfanumérico CA2020CV00578.

Luego de varias incidencias procesales, el 23 de agosto de 2021, en el caso CA2020CV00578, las partes presentaron una *Moción Conjunta de Desistimiento*

---

[2] *Demanda*, anejo II, págs. 11-96 del apéndice del recurso. El 24 de junio de 2020, presentaron una *Demanda Enmendada*. Véase, anejo I, págs. 1-5 del apéndice en oposición al recurso.

*Voluntario con Perjuicio*.[3] En ella, informaron que suscribieron un contrato privado de transacción, por lo que, convinieron desistir voluntariamente y con perjuicio de la demanda y reconvención presentada por el apelado. Por consiguiente, le solicitaron al foro primario que dictara sentencia, decretando el desistimiento voluntario.

Así las cosas, y en atención a la solicitud planteada, el foro de instancia el 24 de agosto de 2021, dictó *Sentencia*, dando por desistida la causa de acción, con perjuicio.[4]

Posteriormente, el 14 de julio de 2022, los apelantes presentaron una *Demanda* sobre incumplimiento de contrato, reivindicación, cancelación de inscripción, cobro de dinero y división de herencia en contra del señor José Orlando, el Sr. Gregory Cruz Figueroa, la Sra. Krystal Cruz Ortiz y el Sr. Gregory Cruz Ortiz, la cual dio génesis al caso de epígrafe.[5] En esencia, esbozaron que el señor Cruz Merced, falleció el 9 de mayo de 2020, y la señora Vianette Cruz, mediante *Resolución* dictada el 6 de julio de 2020 fue declarada Albacea Testamentaria del causante.

Entre otras cosas, adujeron que en el caso CA2020CV00578 el señor José Orlando les propuso una oferta transaccional con el propósito de poner fin a todas las controversias entre las partes. Entre ellas se incluía la distribución, partición y liquidación del caudal relicto del señor Cruz Merced; el legado al co-apelante Luis Jonel; y la liquidación de la Sociedad

---

[3] *Moción Conjunta de Desistimiento Voluntario con Perjuicio*, anejo III, págs. 97-98 del apéndice del recurso.
[4] *Sentencia*, anejo IV, págs. 99-100 del apéndice del recurso.
[5] *Demanda*, anejo V, págs. 101-117 del apéndice del recurso.

Legal de Bienes Gananciales entre el señor Cruz Merced y la señora Vianette Cruz. Plantearon que, habían aceptado la oferta con la única condición de que el apelado se obligara a transferir la titularidad de la propiedad en controversia, además del pago de $11,554.72 representando la mitad del reembolso del seguro de la hipoteca, entre otros gastos. Incluso, sostuvieron que la señora Vianette Cruz estuvo dispuesta a renunciar a cualquier otra participación e interés en el resto de la herencia del causante y, asimismo, su hijo, el señor Luis Jonel renunciaría al legado. Sin embargo, manifestaron que el apelado incumplió con el contrato de transacción. Como consecuencia, señalaron que no estaban obligados a mantenerse en indivisión e interesaban que se llevara a cabo la división y participación de los bienes dejados por el causante.

El 15 de septiembre de 2022, el señor José Orlando presentó una *Moción de Desestimación*.[6] Mediante esta, solicitó la desestimación de la *Demanda* por dejar de exponer una reclamación que justificara la concesión de un remedio, de conformidad a la Regla 10.2(5) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5). En esencia, planteó que los apelantes pretendían revivir exactamente la misma reclamación que transigieron en el caso *Vianette Cruz Figueroa v. José Orlando Cruz Figueroa y otros,* Caso Civil Núm. CA2020CV00578. Añadió que el contrato privado de transacción, la *Moción Conjunta de Desistimiento Voluntario con Perjuicio*, y la *Sentencia* emitida en el caso CA2020CV00578, producían los efectos de la cosa juzgada. A su vez, señaló que

---

[6] *Moción de Desestimación*, VI, págs. 118-135 del apéndice del recurso.

las partes no sólo desistieron con perjuicio de la demanda enmendada en el caso CA2020CV00578, sino que también intercambiaron relevos de responsabilidad mutuos y absolutos, los cuales tenían como resultado que nadie podía oponerse o reclamar entre sí asuntos relacionados.

El apelado incluyó en la moción de desestimación una tabla en la cual comparó las alegaciones de la demanda enmendada del caso CA2020CV00578 y las alegaciones de la demanda del caso de autos. A su vez, incluyó una tabla en la que comparó los remedios solicitados tanto en la demanda enmendada del caso CA2020CV00578, como en la presente. Así pues, reiteró que se trataba de cosa juzgada y procedía la desestimación de la demanda.

El 16 de septiembre de 2022, el señor José Orlando presentó una *Moción Complementaria a Moción de Desestimación* con el propósito de incluir todos los documentos firmados por las partes, que finalmente constituyeron el *Contrato de Transacción*.[7]

En respuesta, el 28 de septiembre de 2022, la señora Vianette Cruz presentó una *Oposición y/o Réplica a Moción de Desestimación*.[8] Según alegado por los apelantes, la controversia principal en la demanda original era únicamente en cuanto a la titularidad de la propiedad. Mientras que, arguyeron que en la *Demanda* de autos la controversia iba dirigida a: (1) reclamar el incumplimiento del apelado con su obligación contractual; (2) reivindicación de la propiedad a sus verdaderos dueños; (3) cancelación de la inscripción de

---

[7] *Moción Complementaria a Moción de Desestimación*, anejo VII, págs. 136-166 del apéndice del recurso.
[8] *Oposición y/o Réplica a Moción de Desestimación*, anejo VIII, págs. 167-190 del apéndice del recurso.

título de la propiedad en el Registro de la Propiedad a favor del señor José Orlando para que forme parte del caudal relicto; (4) división y adjudicación de los bienes del caudal conforme a las disposiciones testamentarias, incluyendo la devolución por el señor José Orlando de varias partidas. Por ello, alegaron que la reclamación no constituía cosa juzgada.

Luego de varios trámites procesales, el 14 de noviembre de 2022, siendo notificada el 17 de noviembre de 2022, el foro primario dictó *Sentencia*.[9] Mediante el referido dictamen, el foro *a quo* dispuso lo siguiente:

> La Regla 42.2 de Procedimiento Civil dispone que en los pleitos donde se declare ha lugar totalmente una moción presentada al amparo de la Regla 10 de Procedimiento Civil no será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho. Véase *William Pérez Vargas v. Office Depot/Office Max, Inc.*, 2019 TSPR 227.

> Conforme con lo anterior, este Tribunal acoge la solicitud de desestimación y la declara Ha Lugar y en consecuencia desestima con perjuicio la causa de acción presentada contra los demandados JOSÉ ORLANDO CRUZ FIGUEROA, GREGORY CRUZ FIGUEROA, KRYSTAL CRUZ ORTIZ Y GR[E]GORY CRUZ ORTIZ en su carácter personal.

Inconformes con lo anterior, el 19 de enero de 2023, los apelantes presentaron una *Apelación* ante este Tribunal, el cual le fue asignado el alfanumérico KLAN202300057. Atendido el recurso, este Tribunal emitió una *Sentencia* el 10 de marzo de 2023, mediante la cual se revocó el dictamen apelado, y se devolvió el caso al foro primario para que dirimiera la controversia en cuanto al incumplimiento del contrato de transacción privado.

---

[9] *Sentencia*, anejo XV, págs. 211-213 del apéndice del recurso.

El 17 de mayo de 2023, los apelantes presentaron ante el foro primario una *Moción Solicitando Remedio Urgente*.[10] Alegaron que le habían solicitado al señor José Figueroa le entregara a la Albacea Testamentaria (la señora Vianette Cruz), la llave del taller de hojalatería y pintura, que forma parte del caudal relicto, sin embargo, el apelado no había reaccionado.

El 18 de mayo de 2023, el señor José Orlando presentó *Oposición a Moción Solicitando Remedio urgente y Solicitud de Orden*.[11] En síntesis, esbozó que la señora Vianette Cruz no es Albacea Testamentaria, debido a que, de acuerdo al contrato de transacción privado, ésta había renunciado a los cargos, y por acuerdo de las partes lo había nombrado a él como Albacea y Contador Partidor.

Ante este cuadro procesal, el 9 de noviembre de 2023, el foro primario notificó la *Sentencia* apelada.[12] Mediante el referido dictamen, el foro *a quo* concluyó lo siguiente:

> De una mera lectura [sic] de ambas demandas podemos establecer que las mismas versan sobre básicamente las mismas controversias, partes y solicitud de remedios. Dichas controversias fueron activamente atendidas en el caso CA202CV00578 y dispuesta mediante una sentencia, **a petición de las partes, de desistimiento con perjuicio por transacción.** La transacción no fue recogida en la sentencia **porque las partes voluntariamente prefirieron mantener el contrato de transacción como uno privado.** No obstante, esto no hace que la sentencia que en ese caso se emitió no sea final y firme y que los asuntos que dicha demanda presentaba no quedaran resueltos de manera definitiva, por lo que es de aplicabilidad a la doctrina de impedimento colateral por sentencia, según antes discutida.

---

[10] *Moción Solicitando Remedio Urgente*, anejo XVI, págs. 214-215 del apéndice del recurso.
[11] *Oposición a Moción Solicitando Remedio urgente y Solicitud de Orden*, anejo XVIII, págs. 220-222 del apéndice del recurso.
[12] *Sentencia*, anejo I, págs. 1-10 del apéndice del recurso.

Por otro lado, la parte demandante pretende que de facto atendiéramos el caso de autos como una solicitud de relevo de sentencia mediante un pleito independiente. No obstante, la parte demandante está impedida de solicitar el mismo por varios factores. El primero, no se solicitó en el caso que original. Segundo, no se demostró razones extraordinarias que nos muevan a atenderlo en un pleito independiente, Tercero no se solicitó en el término dispuesto de 6 meses desde emitida la sentencia. Cabe destacar que la sentencia emitida en el caso CA2020CV00578, fue emitida el 24 de agosto de 2021 y el presente caso fue radicado el 14 de julio de 2022 y que nunca se presentó trámite judicial alguno sobre dicha sentencia.

Por ello, declaró *Ha Lugar* la solicitud de desestimación presentada por el apelado y desestimó con perjuicio la *Demanda* presentada por los apelantes.

Inconformes, el 11 de diciembre de 2023, la parte apelante presentó el recurso que nos ocupa y señaló el siguiente error:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA APLICANDO LA DOCTRINA DE COSA JUZGADA EN SU MODALIDAD DE IMPEDIMENTO COLATERAL POR SENTENCIA.

El 10 de enero de 2024, la parte apelada presentó su alegato en oposición.

Estando en posición de resolver, procedemos a así hacerlo.

**II.**

**-A-**

La Regla 10 de Procedimiento Civil, permite a una parte demandada presentar tres (3) clases de mociones antes de contestar la demanda, estas son: (1) moción de desestimación; (2) moción para solicitar una exposición más definida; y (3) moción eliminatoria. 32 LPRA Ap. V, R. 10.2, 10.4 y 10.5 de Procedimiento Civil. La notificación de alguna de estas mociones interrumpe y

altera el término para presentar la alegación responsiva. 32 LPRA Ap. V, R. 10.1. Véase, además: *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043,1065 (2020). No obstante, en aras de evitar dilaciones innecesarias, la parte que presente una moción al amparo de la regla deberá acumular en esta todas las mociones y defensas a las que entienda que tiene derecho y que la regla contempla. 32 LPRA Ap. V, R. 10.7.

Por su parte, la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V. R 10.2, permite que una parte demandada solicite la desestimación de una causa de acción presentada en su contra si resulta evidente que de las alegaciones de la demanda prosperará alguna de las defensas afirmativas que establece la misma regla. Esta moción se basará en al menos uno de los siguientes fundamentos: (1) la falta de jurisdicción sobre la materia, (2) la falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento (4) insuficiencia del emplazamiento del diligenciamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2(5). La parte que presente dicha moción de desestimación deberá acumular todas las defensas que la regla permite o, de no hacerlo, se entenderán renunciadas, con excepción a la defensa de jurisdicción sobre la materia o las contempladas en la Regla 10.8 de Procedimiento Civil. 32 LPRA Ap. V, R. 10.7-10.8; *Conde Cruz v. Resto Rodríguez*, supra, pág. 1066.

De ordinario, al considerarse una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como cierto y de la forma más favorable

para la parte demandante todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente. *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 84 (2023); *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 396 (2022). Cónsono con lo anterior, los foros adjudicativos tienen el deber de interpretar las alegaciones de una demanda de manera conjunta y liberalmente a favor de la parte demandante para facilitar el amparo judicial. *Eagle Security Police, Inc. v. Dorado*, supra, pág. 84; *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

Para que prevalezca una solicitud de desestimación al amparo de la Regla 10.2, *supra*, el tribunal debe convencerse con certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Rivera Sanfeliz et al. V. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015). Así pues, los foros judiciales deben ponderar si, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es suficiente para establecer una reclamación válida. *Eagle Security Police, Inc. v. Dorado*, supra, pág. 84. Asimismo, el Tribunal Supremo de Puerto Rico resolvió que el estándar de revisión de la moción de desestimación se extiende a la solicitud de remedios alternativos. *Comisión v. González Freyre*, 211 DPR 579,614-615 (2023); *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, págs. 400-401.

**-B-**

El Artículo 1204 del Código Civil de Puerto Rico de 1930, 32 LPRA sec. 3343,[13] codificó la doctrina de cosa juzgada, o *res judicata*, en nuestra jurisdicción. En lo pertinente, el referido Artículo dispuso lo siguiente:

> Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. […].

Aún con la adopción del nuevo Código Civil de Puerto Rico, 31 LPRA sec. 5311 *et seq.*, la vigencia de la doctrina continúa a través de nuestra jurisprudencia. La doctrina de cosa juzgada está fundada en consideraciones de orden público y necesidad, pues, se busca, en el interés del Estado, que se pongan fin a los litigios, que no se eternicen las cuestiones judiciales, dar la debida dignidad a los fallos de los tribunales y que no se someta en dos ocasiones a un ciudadano a las molestias de litigar la misma causa. *Pérez v. Bauzá*, 83 DPR 220, 225 (1961). Además, la doctrina "persigue poner fin a los litigios luego de que los tribunales los adjudiquen de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante una resolución judicial" y así evitar gastos adicionales al Estado y a los litigantes. *Pérez v. Bauzá*, supra, pág. 225. De esta manera se promueve la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes entre sí. *Rodríguez v. Colberg*, 131 DPR 212, 218 (1992).

---

[13] Hacemos constar que dicho Código Civil ha sido derogado por la Ley Núm. 55-2020, según enmendada, 31 LPRA sec. 5311 *et seq.*

En *Pagán v. UPR*, nuestro más Alto Foro dispuso lo siguiente:

> Una vez aplicada la doctrina precitada, el efecto de ésta es que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior". Pagán v. UPR, 107 DPR 720, 732-733 (1978).

Asimismo, ha sostenido que el efecto de cosa juzgada en una sentencia judicial permanece sobre pleitos posteriores, aunque la misma sea errónea. *Ramos González v. Medina,* 121 DPR 312, 339 (1988).

Para la presunción de cosa juzgada se requiere que concurra la más perfecta identidad de cosas, causas, partes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquel en que dicha defensa afirmativa sea invocada. *Ortiz Matías v. Mora Development*, 187 DPR 649, 655 (2013); *Rodríguez v. Colberg*, supra, pág. 219. El primer requisito de identidad de cosas exige que el primer y segundo pleito versen sobre el mismo objeto o materia sobre la cual se ejercita la acción. *Presidential v. Transcaribe*, 186 DPR 263,274 (2012); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 764 (1981).

El segundo criterio en cuanto al requisito de identidad de causas, se examina el origen o motivo de las acciones planteadas y resueltas. Esta identidad existe cuando "los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada". *Íd*. pág. 275. Para ello es necesario cuestionar si ambas reclamaciones se basan en el mismo núcleo de hechos o misma transacción.

Finalmente, la identidad de las personas y la calidad en que lo fueron se constituye cuando "los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas." 32 LPRA sec. 3343, *supra*.

A su vez, esta doctrina tiene el propósito de impartir finalidad a los dictámenes judiciales. *Casco Sales v. Mun. de Barranquitas*, 172 DPR 825, 833 (2007). Sin embargo, no procede aplicar de forma inflexible la doctrina de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público. *Parrilla v. Rodríguez*, supra, pág. 270; *Pérez v. Bauzá*, supra, pág. 226.

A tenor con lo anterior, también se desprende de la doctrina de cosa juzgada, la modalidad del impedimento colateral por sentencia. En esencia, dicho precepto legal es una matización de la doctrina de cosa juzgada, la cual persigue el fin de los litigios y garantiza la certidumbre y seguridad de los derechos declarados. *Universal Ins. Co. v. Estado Libre Asociado de Puerto Rico*, 211 DPR 455, 469 (2023).

El Tribunal Supremo de Puerto Rico ha reiterado que:

> [E]n numerosas ocasiones el impedimento colateral por sentencia "impide que en un pleito posterior se reSatenguen cuestiones de hecho o derecho necesarias para la adjudicación de un pleito anterior, independientemente de que haya sido por la misma causa de acción o por otra distinta, siempre que sea entre las mismas partes o sus causahabientes". Para que aplique, es

necesario que concurran los siguientes requisitos: (1) que el asunto de hecho o derecho sea el mismo en ambos pleitos; (2) que se haya litigado en un pleito anterior; (3) que se haya determinado mediante una sentencia final, y (4) que la determinación haya sido esencial para el fallo." *Universal Ins. Co. v. Estado Libre Asociado de Puerto Rico*, supra, pág. 470.

No obstante, "a diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas. Esto es, que la razón de pedir, plasmada en la demanda, sea la misma en ambos litigios". *PR Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008).

-C-

En nuestra jurisdicción, la transacción es un contrato mediante el cual, a través de concesiones recíprocas, las partes dan fin a un litigio o a su incertidumbre sobre una relación jurídica. Art. 1497 del Código Civil de Puerto Rico, 31 LPRA sec. 10641. Deberán cumplirse dos (2) elementos para que un acuerdo pueda considerarse un contrato de transacción, a saber: (1) la existencia de una controversia entre dos o más personas, y (2) la necesidad de concesiones recíprocas entre ellas. *Neca Mortg. Corp. v. A&W Dev. S.E.,* 137 DPR 860, 870 (1995). Este tipo de contrato se interpreta restrictivamente y produce los efectos de la cosa juzgada. Arts. 1499 y 1500 del Código Civil de Puerto Rico, 31 LPRA secs. 10643 y 10644. Esto significa que, las partes tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre estos. *Citibank v. Dependable Ins. Co. Inc.,* 121 DPR 503, 516 (1988). De acuerdo a nuestro ordenamiento jurídico, la transacción deberá constar por escrito firmado por las partes o en una resolución o una

sentencia dictada por el tribunal, no cumplir con esto la convierte en nula. Art. 1503 del Código Civil de Puerto Rico, 31 LPRA sec. 10647.

Por otra parte, puede colegirse que existen dos (2) clases de contratos de transacción: (1) judicial y (2) extrajudicial. *Neca Mortg. Corp. v. A&W Dev. S.E.*, supra, pág. 870. En ese sentido, se configura un contrato de transacción extrajudicial cuando antes de comenzar un pleito las partes eliminan la controversia mediante un acuerdo. *Íd*. También puede ocurrir que, aun estando pendiente un litigio, las partes acuerden una transacción sin la intervención del tribunal. En este último caso, bastará un mero aviso de desistimiento. *Íd*. Por el contrario, si la controversia da lugar a un pleito y, luego de este haber iniciado, las partes acuerdan eliminar la disputa y solicitan incorporar el acuerdo al proceso judicial en curso, estaremos ante un contrato de transacción judicial que tiene efecto de culminar con el pleito. *Íd*., págs. 870-871; *Negrón Vélez v. ACT*, 196 DPR 489, 504-505 (2016).

De igual forma, es preciso destacar que el contrato de transacción tiene los mismos requisitos que se establecen en el Código Civil de Puerto Rico para la validez de los contratos. Esto es, para que exista este tipo de contrato deben concurrir los elementos siguientes: el consentimiento de las partes sobre el objeto y la causa. Art. 1237 del Código Civil de Puerto Rico, 31 LPRA sec. 9771; *Pérez Rodríguez v. López Rodríguez et at.*, supra, pág. 186. Estos requisitos se refieren a que el acuerdo sea consensual; que exista como objeto una polémica judicial o extrajudicial entre las partes que dé lugar a la transacción, y su causa que

consiste en eliminar la controversia mediante las concesiones recíprocas. *Neca Mortg. Corp. v. A&W Dev. SE*, supra, pág. 871; *Negrón Vélez v. ACT*, supra, pág. 505.

Por otro lado, respecto a la invalidez de una transacción, el Código Civil dispone que, en adición a las causas que invalidan todo acto jurídico, la transacción es inválida cuando:

> (a) La situación que la genera no corresponde con los hechos reales y el litigio o la incertidumbre no hubieran aparecido de haberse conocido la situación real;
>
> (b) incluye títulos total o parcialmente inexistentes;
>
> (c) incluye títulos sobre los cuales se ignora que existe otro mejor;
>
> (d) incluye aspectos sobre los cuales se ignora que ya están resueltos mediante sentencia firme; o
>
> (e) la efectividad de una prestación es insegura.

**III.**

Mediante el único señalamiento de error formulado por los apelantes, alegan que erró el Tribunal de Primera Instancia al desestimar la demanda de autos, puesto que concluyó que estaba impedida de adjudicarla, en virtud de la doctrina de cosa juzgada mediante la modalidad de impedimento colateral por sentencia. Sostienen que no es la misma causa de acción, puesto que, la existencia del contrato de transacción y su violación son la controversia principal de este caso, y en el caso anterior no existía la obligación contractual.

Por su parte, el señor José Orlando alega que, tanto el *Contrato de Transacción* como el *Contrato de Opción de Compraventa*, establecían que los apelantes no tenían

derecho a presentar otra demanda, puesto que habían aceptado que no tenían nada para oponerse o reclamarle al apelado. Por ello, sostiene que al foro primario dictar *Sentencia* con perjuicio de la demanda original, constituye cosa juzgada y estaban impedidos de presentar otra demanda.

Conforme al derecho antes expuesto, la transacción es un contrato mediante el cual, a través de concesiones recíprocas, las partes dan fin a un litigio o a su incertidumbre sobre una relación jurídica. Art. 1497 del Código Civil de Puerto Rico, *supra*. Para que un acuerdo pueda considerarse un contrato de transacción deberán cumplirse dos (2) elementos esenciales, a saber: la existencia de una controversia entre dos o más personas y la necesidad de concesiones recíprocas entre ellas. *Neca Mortg. Corp. v. A&W Dev. S.E.,* supra, pág. 870. Este tipo de contrato produce los efectos de la cosa juzgada. Art. 1500 del Código Civil de Puerto Rico, *supra*. Es decir, las partes deberán considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre estos. A su vez, al igual que los demás tipos de contratos, las transacciones tienen fuerza de ley entre las partes y deben cumplirse a tenor de estos. Lo anterior, siempre y cuando lo pactado mediante el contrato de transacción no sea contrario a la ley, la moral, ni el orden público.

En el caso de autos, las partes suscribieron un contrato de transacción, en el cual habían acordado: (1) transferir la propiedad objeto de la presente controversia a la señora Vianette Cruz o a la persona que ella designara, liberando al señor José Orlando del préstamo hipotecario; (2) división y adjudicación del

caudal del señor Cruz Merced, incluyendo la renuncia del señor Luis Jonel al legado del causante; (3) el señor José Orlando se obligaba a pagar: $7,500.00 a la señora Vianette Cruz sobre el pago del seguro de la propiedad, además de $6,263.75 al señor Luis Jonel por el reembolso de los gastos funerales del causante, y $459.25 de reembolso de las contribuciones adeudadas; (4) relevo de responsabilidad; (5) la renuncia de la señora Vianette Cruz al cargo de Albacea y Contador Partidor, siendo nombrado así al apelado; y finalmente, (6) moción de desistimiento con perjuicio de la demanda y reconvención.

En la misma fecha, las partes firmaron un *Contrato de Opción de Compraventa*. En dicho contrato estipularon que el señor José Orlando se obligaba a vender a la parte apelante la propiedad en controversia por el precio que resultara ser el balance de cancelación del préstamo hipotecario. Asimismo, determinaron el término del contrato de opción, y de no cumplir con la compraventa quedaría cancelado de forma automática, teniendo que desalojar y entregar la propiedad al apelado.

Ciertamente las partes firmaron un contrato de transacción, como un contrato de opción de compraventa en relación a la propiedad en controversia. El señor José Orlando sostiene que los apelantes incumplieron con los contratos al no realizar las diligencias con el banco dentro del término establecido, por ello, dio por terminado el contrato. A su vez, que dicha controversia es cosa juzgada por lo que estaban impedidos de tramitar esta última demanda. Mientras que, los apelantes alegan que fue el apelado quien incumplió con los contratos,

por lo que, es una controversia distinta a la atendida por el foro primario en la primera demanda.

En el caso de epígrafe, el foro de instancia acogió un acuerdo firmado por las partes mediante *Sentencia* dictada el 24 de agosto de 2021, dando por desistida la causa de acción, con perjuicio. Posteriormente, los apelantes presentaron una *Demanda* debido a que el apelado incumplió con dicho acuerdo.

Sin embargo, observamos que el expediente está huérfano de prueba sobre los trámites que en efecto realizó la parte apelante para completar a tiempo el proceso para solicitar el préstamo, y contactar al señor José Orlando. Debido a que, los apelantes alegan que algunos de los factores por lo que provocaron la tardanza en la aprobación del préstamo (el cual en efecto fue aprobado) se debieron a la falta de cooperación y diligencia del apelado. Este asunto tendrá que ser dilucidado mediante vista evidenciaria, según disponemos a continuación.

Es necesario enfatizar, que el mandato es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300-301 (2012). Una vez el tribunal de menor jerarquía recibe el mandato, adquiere autoridad sobre el caso y puede disponer de este conforme las directrices impartidas por la resolución o sentencia concernida. Por ello, reconocemos el efecto que ha tenido en el curso decisorio del foro primario el acuerdo llegado entre las partes en el caso anterior. Sin embargo, no podemos pasar por alto que, en dicho contrato de transacción,

pudo haber incumplimiento por ambas partes, en consecuencia, este acuerdo podría ser nulo, y por ello, habría que reevaluarla la validez de la sentencia.

Por tanto, corresponde devolver el asunto al foro apelado para que ordene, sin pausa, la celebración de una vista evidenciaria, con el propósito muy limitado aquí discutido, sin que se interprete que estamos abriendo la puerta para relitigar los asuntos que ya fueron acordados.

## IV.

Por los fundamentos antes expuestos, **REVOCAMOS** la *Sentencia* apelada. En consecuencia, ordenamos la devolución del caso al Tribunal de Primera Instancia para que paute la celebración de una vista evidenciaria inmediata, conforme a lo establecido en la presente *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones